Hillsborough
No. 7395

STATE OF NEW HAMPSHIRE

v.

PAUL E. LEMIRE

June 30, 1976

*David H. Souter,* attorney general, and *James L. Kruse,* assistant attorney general, by brief, for the State.

*Steven A. Solomon,* by brief, for the defendant.

PER CURIAM. The parties have stipulated that the only issue in this case is whether RSA 651:57-61 (Supp. 1975), creating a sentence review division, precludes the superior court from considering the defendant's petition to reduce his sentence as a petition for suspension of sentence under RSA 651:20, :21. We hold that the Court *(Loughlin,* J.) may consider the petition as one for the suspension of sentence under those sections.

The parties agree that the term of court at which the defendant was sentenced on June 21, 1973, having expired and he being now in the process of serving his sentence, the court's power to reduce it has expired. *State v. Dunn,* 111 N.H. 320, 282 A.2d 675 (1971). However, they agree also that the provisions for a sentence review division, empowering it to decrease, leave untouched, or increase the original sentence (RSA 651:59 (Supp. 1975)), did not strip the court of its discretionary power under sections 20 and 21 to alter the conditions under which the sentence must be served.

The pertinent portions of section 20, under the heading "Incarceration Under Suspended Sentence", read as follows: "Notwithstanding any other provision of law, the sentence to imprisonment of any person may be suspended, at the time of sentence or at any time while any part thereof remains unserved, and he may be required to report to the institution to which he has been sentenced to be incarcerated during weekends or at such times or intervals of time as the court may direct." The remainder of this section deals with credits toward deductions from the time to be served.

Section 21, under the heading "Terms on Revocation of Suspended Sentence", provides: "Upon revocation of any suspended sentence the court may order that the defendant serve such sentence in full or in such parts and at such times as is deemed best, may further suspend any part not ordered to be served upon such terms and conditions as the court may order and may place the defendant on probation during the time any portion of the sentence remains suspended."

Both these sections come under RSA Title LXII, our Criminal Code, and became effective November 1, 1973. Effective August 5, 1975 (Session Laws 1975, ch. 267, also under our Criminal Code with the title "Review of State Prison Sentences"), a board of three justices of the superior court or judicial referees was estab-

lished as a review division. RSA 651:57-61 (Supp. 1975). This board, as previously stated, was empowered under section 59 to decrease, leave untouched, or increase a sentence. Sections 58, 60-61 furnish procedural rules for implementing the main purpose of the act. Nowhere in these provisions is there any mention of RSA 651:20, :21 or any suggestion that these provisions were suspended or repealed. *See Public Serv. Co. v. Lovejoy Granite Co.,* 114 N.H. 630, 633, 325 A.2d 785, 787 (1974); *Hayes v. Archambault,* 106 N.H. 434, 213 A.2d 422 (1965). In *State v. Church,* 115 N.H. 537, 345 A.2d 392 (1975), it appears that after the enactment of RSA 651:57-61 (Supp. 1975) the supreme court assumed the retention by the trial court of its discretionary authority in sentencing matters.

At the threshold of Title LXII of our Criminal Code, in RSA 625:3, appears this provision under the heading "Construction of the Code": "The rule that penal statutes are to be strictly construed does not apply to this code. All provisions of this code shall be construed according to the fair import of their terms and to promote justice". It is as significant as it is obvious that both in our legislature and in our courts the main current of our criminal law philosophy has set in toward the shore of more flexibility in sentencing. This serves to promote that basic purpose of the Criminal Code to achieve justice by protecting the public and helping the criminal to return to society as a law-abiding and useful citizen. The trend has definitely been to create more, rather than fewer, avenues toward reaching this result.

It is not to be presumed that the legislature, having enacted sections 20 and 21 to aid these desirable objectives, would two years later reverse itself and enact a law calculated to destroy much of what it had already created. *State v. Woodman,* 114 N.H. 497, 500, 323 A.2d 921, 923 (1974); *Glover v. Baker,* 76 N.H. 393, 413, 83 A. 916, 929 (1912).

In conclusion, we hold that the trial judge, acting under RSA 651:20, :21, may suspend any portion of his original sentence while it remains unserved. The order is

*Remanded.*