Sullivan
No. 7567

STATE OF NEW HAMPSHIRE v. JACKIE PARTLOW

January 31, 1977

*David H. Souter*, attorney general, and *Edward A. Haffer*, assistant attorney general (*Mr. Haffer* orally), for the state.

*Bruce R. Jasper*, of Newport, by brief and orally, for the defendant.

KENISON, C.J. The defendant was found guilty of receiving four automobile tires, the value of which was less than $100, knowing and believing that the tires were stolen. RSA 637:7. Ordinarily, this crime is a misdemeanor. RSA 637:11 III. However, theft constitutes a class B felony if "the actor has been twice before convicted of theft of property or services valued at one hundred dollars or less . . . ." RSA 637:11 II(b). The defendant has been convicted of, or has pleaded guilty to, six offenses prior to his conviction in this case. Upon the state's recommendation, the Trial Court (*Johnson*, J.) found that at least two of these six prior convictions involved theft of property or services valued at $100 or less. By operation of RSA 637:11 II(b), the present offense was thus raised from a misdemeanor to a class B felony. Accordingly, the court sentenced the defendant to not less than three nor more than six years of incarceration in the New Hampshire State Prison.

The trial court judge, however, did not identify which two or more of these six offenses triggered the operation of RSA 637:11 II(b). The state concedes that two convictions, one for forgery involving $110 in 1972 and one for burglary involving $200 in 1970 cannot serve as the basis for the court's decision because each offense involved a value of over $100. The defendant, on the other hand, concedes that out of the six prior offenses one in 1969 involving the receipt and concealment of stolen property valued at $32.85 does come within the scope of RSA 637:11 II(b).

The issue in this case is whether at least one of the remaining three convictions was for "theft of property or services valued at one hundred dollars or less" as those words are used in the statute. If so, the defendant here is guilty of a class B felony. If not, his

crime is only a misdemeanor. The convictions in issue are as follows: (1) forgery of a check for $48.45 in 1967; (2) entering at night and taking twenty-seven blank checks of undetermined value from a lumber mill in 1972; (3) breaking and entering a grocery store and taking $13 in 1966.

We will first consider whether the 1967 forgery conviction constituted theft of property or services valued at $100 or less. The monetary limitation is clearly satisfied because the forged check was for $48.45. The remaining question is whether the crime of forging a check may be regarded as the crime of theft of property. "Theft" is defined in RSA 637:1 which states in relevant part: "Conduct denominated theft in this chapter constitutes a single offense embracing the separate offenses such as those heretofore known as larceny, larceny by trick, larceny by bailees, embezzlement, false pretense, extortion, blackmail, receiving stolen property." The forgery statute in existence in 1967 stated: "If any person shall falsely make or counterfeit or fraudulently alter any ... promissory note, order ... or request for the payment of money ... with intent that any person may be defrauded, he shall, except as otherwise provided, be imprisoned not more than seven years." RSA 581:1. The false pretenses statute in effect at this time stated: "If any person, with intent to cheat or defraud, shall, by personating or representing another, or by means of any false pretense or false token ... wrongfully obtain any money ... he shall be fined not more than five hundred dollars, or imprisoned not more than seven years." RSA 580:1.

██ ██ Although the crimes differ in some respects, it is clear that obtaining money by forging a check comes within the terms of the false pretenses statute. "A forged check is a false token and the fraudulent obtaining of money or goods by means of a forged check was punishable as a cheat at common law, and unquestionably comes under the statute on false pretenses." R. Perkins, Criminal Law 315 (2d ed. 1969); see Furey v. Hollowell, 203 Iowa 376, 212 N.W. 698 (1927); 2 W. Burdick, Law of Crime §§ 635–42 (1946). Because the defendant's check forgery was equivalent to the crime of false pretense, his offense may be regarded as theft for the purposes of RSA 637:1 and :11.

██ Even if the forgery technically could not or did not constitute a false pretense, it still could be regarded as theft under RSA ch. 637. Section one states that theft encompasses crimes

"such as" those enumerated. The words "such as" render the list of crimes merely illustrative rather than exhaustive. *See Turnpike Authority v. Pine Island,* 265 N.C. 109, 143 S.E.2d 319 (1965); 2A J. Sutherland, Statutes and Statutory Construction § 47.25 (4th ed. C. Sands 1973). This jurisdiction does not follow the rule that penal statutes are to be construed strictly. RSA 625:3. Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice. *State v. McPhail,* 116 N.H. 440, 362 A.2d 199 (1976); *Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974). Given the substantive similarities between the defendant's forgery and the crime described in the false pretenses statute, it is within the fair import of RSA 637:1 to hold that the fraudulent obtaining of money by forging a check was a crime "such as" false pretense. The ultimate result—that the defendant's crime in 1967 amounted to theft and that the instant offense is transformed from a misdemeanor to a class B felony by virtue of the operation of RSA 637:11—is consistent with the spirit of RSA 637:1 and :11 and promotes justice. *State v. Lemire,* 116 N.H. 395, 359 A.2d 644 (1976).

In view of our decision it is unnecessary to consider whether the defendant's other offenses could have formed the basis for the decision of the trial judge.

*Defendant's exceptions overruled.*

All concurred.