Derry District Court
No. 7735

THE STATE OF NEW HAMPSHIRE

v.

WALLACE E. RAMSDEN

October 17, 1977

*David H. Souter,* attorney general, and *Anne E. Cagwin,* attorney (*Miss Cagwin* orally), for the State of New Hampshire.

*Tefft & Thayer,* of Manchester (*Stephen W. Thayer III* orally), for the defendant.

BOIS, J.  Interlocutory appeal on the transfer without ruling by *Stancik, J.*, of a question of law arising out of a motion to suppress evidence on the ground that the defendant had incorrectly been informed of the consequences of his refusal to submit to a breathalyzer test.

In accordance with RSA 262-A:69-c and -e (Supp. 1975), the defendant was warned at the time of his arrest that his license would automatically be revoked for a period of ninety days if he refused to take a breathalyzer test. He contends that he was (wrongfully) not told of RSA 262-A:69-m (Supp. 1975), providing in pertinent part that "[t]he director . . . *may* in his discretion reissue a license . . . prior to the expiration of ninety days when such person is not found guilty of a violation of RSA 262-A:62." (Emphasis added.) He argues that the language of RSA 262-A:69-c(3), which directs a law enforcement officer to inform an arrested person "of the consequences of his refusal to permit a test," mandates that he should have been informed of this discretionary reinstatement procedure.

We are not persuaded by these contentions. The defendant overlooks the fact that the legislature has specifically provided a warning which is sufficient to inform an arrested person of the consequences of refusing to submit to a test. That warning, contained in RSA 262-A:69-e(6) (Supp. 1975), is that "refusal to permit the test will result in revocation of his license. . . ." If the legislature had wanted an arrested person to be advised of all possible consequences, it could have so legislated. This it did not do but instead required only the advice of the outer penalty of refusal, *i.e.* revocation. This mandate was satisfied in the instant case.

We hold that the warning given the defendant satisfied the requirements of the statute.

*Remanded.*

KENISON, C.J., did not sit; the others concurred.