Original
No. 7866

### JACKIE PARTLOW, SR.

### v.

### EVERETT PERRIN, WARDEN

November 16, 1977

*Dunn & Hilliard* (*Mr. Russell Hilliard* orally), of Concord, for the plaintiff.

*David H. Souter,* attorney general, and *Richard B. Michaud,* attorney (*Mr. Michaud* orally), for the defendant.

PER CURIAM. The issues raised in this petition for a writ of habeas corpus are whether this court's construction of the habitual offender act, RSA 637:11 II(b), to include a prior conviction for forgery of a check as a theft of less than $100, *State v. Partlow,* 117 N.H. 78, 369 A.2d 221 (1977), was so unforeseeable as to deny him due process if it is applied to him and whether the statute violates his equal protection rights.

RSA 637:11 II(b) makes theft a class B felony if "the actor has been twice before convicted of theft of property or services valued at one hundred dollars or less. . . ."

Defendant was convicted of theft of less than one hundred dollars and was sentenced under the above statute as an habitual offender. He argued on appeal to this court that his record did not include the necessary two prior convictions of theft of $100 or less. Included in the record was one such prior conviction and conviction for forgery of a check whereby he obtained less than $100 and a conviction for breaking and larceny wherein he stole less than $100. This court held that the forgery conviction was a theft of less than $100 for the purposes of the statute. *State v. Partlow supra.* The plaintiff thereafter filed this petition.

RSA 637:11 II(b), for the purposes of raising a petty theft conviction to the level of a class B felony, recognizes only prior convictions for theft of less than $100 which provides for misdemeanor punishment only. It does not count prior convictions for theft of amounts in excess of $100 which would subject defendant to felony punishment.

■ The only rational basis for this distinction that has been advanced or which we can conceive is that one who has committed only petty theft has never been subject to the possibility of punishment of more than one year and that when such a person commits a third such offense society should, as a deterrent, have the opportunity to punish him more severely. Because those convicted of theft of more than $100 had already been subject to the possibility of more severe punishment, the need for an augmented penalty does not exist. This is a rational basis for the statute.

Although "false pretenses" is included in the list of offenses "such as" are embraced in the definition of theft in the Criminal Code (RSA 637:1), that crime would be a misdemeanor under the Code only if the amount involved was less than $100. It was a felony under pre-Code law regardless of the amount involved, RSA 580:1, just as forgery was a felony under pre-Code law regardless of the amount involved. RSA 581:1. Forgery is a separate crime under the Criminal Code and is a felony regardless of the amount involved when a check is forged as it was in plaintiff's case. This would account for the fact that forgery was not included in the list of "such as" offenses which are embraced in the term theft under the Code, although "false pretenses" was included.

██ ██  The questions raised by the petition were not argued in our prior consideration of this case. However, now that the matter has been raised and argued, placing it in a new light, we now hold that in applying RSA 637:11 II(b) no prior conviction may be considered which at the time of the conviction subjected the defendant to felony punishment.

The matter is remanded to the superior court for resentence as a misdemeanor with credit for the time already served under the prior sentence.

*Writ of habeas corpus granted.*

KENISON, C.J., did not participate in the consideration or decision of this case.