THE STATE OF NEW HAMPSHIRE

v.

CAROL M. FOURNIER

April 7, 1978

*David H. Souter*, attorney general, and *Anne E. Cagwin*, attorney, by brief (*Deborah Cooper*, attorney, orally), for the State of New Hampshire.

*Haughey & Philpot*, of Laconia (*William Philpot, Jr.*, by brief), for the defendant.

PER CURIAM. A habitual offender petition, RSA ch. 262-B (Supp. 1975), was filed by the Belknap County attorney against Carol M. Fournier. In each of three prior qualifying convictions required by RSA 262-B:2 (Supp. 1975) (one for driving while intoxicated, RSA 262-A:62 (Supp. 1975), and two for operating after revocation of license, RSA 262:27) the defendant signed a waiver of counsel form and entered a guilty plea.

At a hearing on the petition the defendant objected to the admissibility of the records of the various courts wherein convictions had been obtained. The Trial Court (*Batchelder*, J.) transferred the objection without ruling.

In this collateral attack the defendant contends that the prior motor vehicle convictions on which the State relies are constitutionally defective. With respect to none of the three individual convictions relied on does the defendant allege that she did not knowingly and intelligently waive counsel; that she had no knowledge of the

direct consequences of her plea to the particular offense; or that she was unaware of her various constitutional rights. *See State v. Robinson*, 117 N.H. 496, 374 A.2d 953 (1977). Rather, as expressed by her, "the issue to be resolved [here] is whether prior Court records are admissible when they do not reveal whether the defendant was notified prior to [each] sentencing that she could be found to be an Habitual Offender after three such convictions for motor vehicle violations."

The cases relied on by the defendant are inapposite. The claim in the instant case is similar to that made in *State v. Ramsden*, 117 N.H. 772, 378 A.2d 1370 (1977), wherein the defendant contended that he was wrongfully not additionally advised, at the time of his arrest, that the director of motor vehicles may in his discretion reissue a license automatically revoked upon refusal to take a breathalyzer test. We held, in the context of interpreting a statute, that "[i]f the legislature had wanted an arrested person to be advised of all possible consequences, it could have so legislated." *Id.*

We hold that a defendant need only be advised of the direct consequences of his guilty plea and not of consequences which are collateral. Because consequences attendant to the commission of an offense are so numerous and logically unforeseeable, to require more would be an absurdity and would impose upon the trial court an impossible, unwarranted, and unnecessary burden. *See Nunez Cordero v. United States*, 533 F.2d 723 (1st Cir. 1976).

*Exceptions overruled.*