Rockingham County Probate Court
No. 79-160

*In re* THE ESTATE OF JENNIE T. BORKOWSKI

January 31, 1980

*Fisher, Parsons, Moran & Temple,* of Dover (*Stephen A. White* orally), for the heir-at-law.

*Scammon & Gage,* of Exeter (*John F. Cullinane* orally), for the administrator of the estate.

KING, J. This is an appeal from the ruling of the Probate Court for Rockingham County (*Treat,* J.) allowing Edward A. Gage, the administrator of the estate of Jennie Borkowski, to set off Stella Patten's distributive share of the estate against the unpaid principal of an installment note dated October 5, 1973, given by Patten to the decedent.

Borkowski died August 1, 1977, intestate, survived by three sons and a daughter. At the time of her death, Borkowski held a promissory note executed by her daughter, Stella Patten, upon which there was an unpaid principal balance of $27,730. The payments on the note were current at the time of death. The note was without interest and called for 179 monthly payments of principal in the sum of $206 commencing November 1, 1973, and a final payment of $126 to be made within thirty days after the 179th payment had been made. The maker had the option of accelerating payment of the note but the holder did not. After Borkowski's death, Patten made thirteen monthly payments to the administrator who then filed a final account, leaving an unpaid balance of $25,052 on the note. On May 23, 1978, the administrator, with the approval of the court, made a partial distribution by crediting Stella Patten with $5,000 on the unpaid principal of the note and by paying $5,000 in cash to each of the brothers. The administrator, on August 30, 1978, petitioned the court to assign to

each of the brothers $4,170.65 of the unpaid principal of the note. The petition was granted on September 18, 1978.

On September 20, 1978, a copy of the proposed account was sent to Patten showing a credit of $12,540.05 on the note and a balance due of $12,511.95 payable in equal shares to each of the three brothers. Patten objected to the set-off and to the proposed distribution of such proceeds. The probate court, on March 12, 1979, sustained the action of the administrator.

The sole question for this court's determination is whether the administrator may unilaterally set off the inheritance of an heir against installments not yet due on the non-interest bearing promissory note.

 Because a promissory note obligates the maker to repay, the money received by the maker is not an advancement but a debt. *See, Wentworth v. Wentworth*, 75 N.H. 547, 78 A.2d 646 (1910); 26A C.J.S. *Descent & Distribution* § 71 (1956). Generally, the distributee's debt presently due the estate may be deducted from his share of the estate. *See, e.g., Meenan v. Meenan*, 180 Kan. 779, 308 P.2d 158 (1957); *In re Dorris' Estate*, 292 P.2d 399 (Okla. 1956); *Luglan v. Lenning*, 214 Iowa 439, 239 N.W. 692 (1931); 26A C.J.S. *Descent & Distribution*, § 71 (1956). That is, a distributee whose debt to the estate is due may be forced by the administrator to accept such debt in payment pro tanto of his distributive share. *Bruce v. Farrar*, 156 Va. 542, 158 S.E. 856 (1931); 26A C.J.S. *supra*; Annot., 75 A.L.R. 872 (1931).

The crucial question is whether an heir's intestate share of the estate should include an indebtedness of the heir to the estate that was not yet due. The administrator argues that RSA 554:10 empowers the probate court with broad discretion to exercise its equity powers over the distribution of assets to heirs. RSA 554:10 provides:

> *Transfer to Heirs.* The judge may order the administrator to transfer stocks, bonds and other evidences of debt to the heirs or their guardians, in just proportion, whenever he shall deem it for the interest of the heirs that the same should not be sold; and such guardians are authorized to receive the same.

The administrator concludes, therefore, that in absence of the probate court's abuse of discretion in granting the distribution, the ruling cannot be overturned.

██ ██ Although RSA 554:10 specifically grants the probate court the power to transfer stocks, bonds, and other evidences of debt to the heirs in just proportion whenever he shall deem it for the interest of

the heirs, it does not provide the additional power to set off against his share portions of the heir's debt not yet due to the estate. To so interpret it would greatly expand the scope of the statute in contravention of the court's authority; *i.e.*, the courts may not interpret statutes to conform to a legislative intent not fairly expressed in the language of the statute. *Arnold v. City of Manchester*, 119 N.H. 859, 409 A.2d 1322 (1979); *Public Service Co. v. State*, 101 N.H. 154, 162, 136 A.2d 600, 606 (1957).

In this case, in which a distributive share is credited against the unpaid principal of an installment note, the law pertaining to set-offs must be applied. The statutory provisions concerning set-off, RSA 515:7, do not apply to debts that are not yet due. The right of set-off extends to mutual debts if a right of action existed at the commencement of a plaintiff's action. *Varney v. General Enolam Co.*, 109 N.H. 514, 257 A.2d 11 (1969); *Petition of Leon Keyser Inc.*, 98 N.H. 198, 200, 96 A.2d 551, 552 (1953). The action here against the administrator must be deemed to have commenced upon the date the heir petitioned the probate court. In the absence of other circumstances, if the debt owed the estate had been due on the date the petition was filed, a set-off would have been allowed under the statute. If the debt was not yet due on that date, RSA 515:7 is not applicable.

In addition, the acceleration of payment of the promissory note created by the set-off would be in direct conflict with the specific contractual terms allowing payment in installments over a period of years. Stella was entitled to defer payment of the balance of the note not presently due over the entire period of 180 months. By applying her proportion of the estate to her debt which was not yet due, the administrator not only changed the favorable and specific terms of the non-interest-bearing promissory note by accelerating the payments due under the note, but actually deprived her of the immediate use of part of her inheritance. Such an acceleration of payments unjustly enriched the other heirs by giving them the immediate use of money that Stella was entitled to receive and use. We therefore overrule the court below and permit set-off only against matured debts, if any.

*Exceptions sustained.*

All concurred.