Keene District Court
No. 81-400

THE STATE OF NEW HAMPSHIRE

v.

PAMELA S. LEVEY

April 27, 1982

376

*Gregory H. Smith,* attorney general (*Richard C. Nelson,* assistant attorney general, on the brief and orally), for the State.

*Law Office of William H. Kennedy,* of Keene (*Lawrence G. Brann* on the brief and orally), for the defendant.

KING, C.J. The defendant, Pamela L. Levey, was charged with driving while under the influence of intoxicating liquor, subse-

quent offense, in violation of RSA 262-A:62 I (Supp. 1979) (current version at RSA 265:82 I), as amended by Laws 1981, 543:2. The second offense allegedly occurred on September 27, 1981, and the defendant's prior conviction was on July 24, 1981, in the Keene District Court. At the time of her first conviction, the defendant formally waived her right to be represented by counsel and pleaded guilty to the charge of driving while intoxicated.

Prior to the commencement of trial for her second offense, the defendant filed a written motion to have her case tried as a first offense because she asserted she was not aware that waiving her rights and pleading guilty to a first offense would affect her later. The defendant's first conviction was under the provisions of RSA 262-A:62 I (Supp. 1979) (current version at RSA 265:82 I), which permitted a jail sentence for a subsequent offense, but did not provide for the imposition of a *mandatory* jail sentence. On August 29, 1981, the amendment to RSA 262-A:62 I (now RSA 265:82 I) became effective and provided for the imposition of a mandatory jail sentence for conviction of a subsequent offense. The Keene District Court (*Davis*, J.) transferred to this court the question presented by the defendant's motion. We conclude that the defendant may be charged with driving while intoxicated, subsequent offense.

The defendant first argues that, at the time of her first offense, her guilty plea and her waiver of counsel were not knowingly and intelligently made because she did not know at the time that a mandatory jail sentence could be imposed for a subsequent offense. While we agree that the defendant did not possess that knowledge, we cannot conclude that the absence of such knowledge invalidated her waiver of counsel or guilty plea.

█ In accepting a guilty plea, a court is not obligated to inform a defendant of *all* consequences of her plea. *State v. Fournier*, 118 N.H. 230, 231, 385 A.2d 223, 224 (1978). Similarly, a defendant need not be aware of all the future effects the plea might have. *See id.* at 231, 385 A.2d at 224. Consequently, we conclude that the defendant's signing of a constitutionally valid waiver of counsel and acknowledgement of rights form sufficiently established that her guilty plea was made knowingly. *See State v. Buckwold*, 122 N.H. 111, 112, 441 A.2d 1165, 1166 (1982).

█ Additionally, we conclude that the defendant's waiver of counsel was knowingly and intelligently made. She signed a constitutionally valid waiver form, and she has not rebutted the presumption which that waiver created. *See id.* at 112, 441 A.2d at 1166. Furthermore, counsel could not have supplied the defendant with

the information she was lacking regarding a future change in the law which would set a harsher penalty for a second offense of driving while intoxicated than had been imposed previously.

■ The defendant next argues that RSA 262-A:62 I (Supp. 1979) (current version at RSA 265:82 I) as amended violates the New Hampshire Constitution, pt. 1, art. 23 by creating an ex post facto law. We disagree. The amendment to RSA 262-A:62 I (Supp. 1979) (current version at RSA 265:82 I) did not increase the penalty imposed on offenses predating the effective date of the statute. Rather, the amendment created a penalty for an offense that would necessarily take place in the future. Merely allowing a conviction obtained before the amendment to be used in the assessment of the penalty for a subsequent offense does not violate the constitutional prohibition against ex post facto laws. *See State v. Vashaw*, 113 N.H. 636, 637–38, 312 A.2d 692, 693 (1973) (offenses prior to statute can be used as basis for conviction as an habitual offender); *see also State v. Heald*, 120 N.H. 319, 325, 414 A.2d 1288, 1291–92 (1980) (past criminal record may be a factor in determining sentence); *cf. Baldasar v. Illinois*, 446 U.S. 222, 223, 227–28 (1980) (a prior conviction can be used to impose a jail sentence only if the defendant had validly waived counsel at the time of the prior conviction).

■ As of the effective date of the 1981 amendment to RSA 262-A:62 I (current version at RSA 265:82 I), the defendant was on notice as to what would happen if she were again convicted of driving while intoxicated. The penalty she faces if convicted will not result from the legislation, but rather from her own acts which took place after the effective date of the legislation. *See State v. Vashaw*, 113 N.H. at 638, 312 A.2d at 693.

■ Finally, the defendant asks us to interpret the term "prior convictions" in the amendment to RSA 262-A:62 I (current version at RSA 265:82 I) as applying to only those convictions occurring after the amendment. While we might believe that interpretation to be the more just, the language of the amendment clearly indicates a legislative intent to include convictions predating the amendment in the term "prior convictions." "Prior convictions" as defined by the legislation include any proven conviction "within the *7 years* preceding the date of the second or subsequent offense." Laws 1981, 543:2 I. (Emphasis added.) In light of the clear intent expressed in the statute, this court cannot interpret the legislation as the defendant requests. *See Silva v. Botsch*, 120

N.H. 600, 601, 420 A.2d 302, 302 (1980); *In re Estate of Borkowski,* 120 N.H. 54, 57, 410 A.2d 1121, 1122 (1980).

*Remanded.*

All concurred.