Hillsborough
No. 84-309

THE STATE OF NEW HAMPSHIRE

v.

PATRICIA HARPER

July 26, 1985

*Stephen E. Merrill*, attorney general (*Robert B. Muh*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

KING, C.J.   The defendant was charged with the class B felony of theft under RSA 637:11, II(b). This is an interlocutory appeal from rulings of the Superior Court (*Dalianis*, J., and *Bean*, J.) denying defendant's motions to exclude evidence of certain prior convictions as a basis for the felony charge. We affirm.

The facts incident to this appeal are as follows. The defendant, Patricia Harper, was arrested on July 13, 1983, and charged with theft by unauthorized taking (RSA 637:3). In September 1983, a grand jury returned an indictment upon this charge as a class B felony, pursuant to RSA 637:11, II(b) (Supp. 1983). The basis for a felony charge under this subparagraph of the statute is that a defendant presently accused of an unauthorized taking has had two prior convictions for theft. The State alleged three prior convictions as the basis for the charge, to wit: (1) by the Manchester District Court on August 4, 1982, for receiving stolen property (RSA 637:7); (2) by the same court, in the same proceeding, for attempted theft (RSA 629:1 and RSA 637:3); and (3) by the same court, on October 27, 1981, for shoplifting (RSA 644:17, II).

The defendant filed a motion *in limine* to exclude from consideration these prior convictions and, thereby, to reduce the charge to a misdemeanor. In support of this motion, the defendant alleged that: (1) shoplifting was a breach of the peace under RSA 644:17, II and not a theft for the purpose of RSA chapter 637; (2) the receipt of stolen property was not a theft for the purpose of RSA chapter 637; and (3) attempted theft was not a theft within the ambit of RSA

chapter 637. She alleged, accordingly, that those three offenses were not thefts which could be considered under the penalty section of that chapter, RSA 637:11, II(b) (Supp. 1983).

The Superior Court (*Dalianis*, J.) denied the motion *in limine*, whereupon the defendant filed a motion to exclude evidence of the aforementioned prior convictions. After this motion was denied by the Court (*Bean*, J.), the defendant brought this interlocutory appeal. The superior court transferred the following issues framed by the defendant to this court pursuant to RSA 491:17 and Supreme Court Rule 8:

> "(1) Whether a conviction for attempted theft (RSA 629:1, RSA 637:3) constitutes a conviction within the meaning of the penalty enhancement provision, RSA 637:11, II(b);

> (2) Whether a conviction for shoplifting (RSA 644:17, II) constitutes a conviction within the meaning of the penalty enhancement provision, *supra*;

> (3) Whether the defendant's general denial of a waiver of counsel and acknowledgement of rights is sufficient to sustain her burden of proof that the waiver and acknowledgement is invalid;

> (4) Whether convictions based on nolo pleas where there is no evidence of whether the court canvassed the defendant regarding the rights she was waiving or the possible consequences of her plea, and where no acknowledgement of rights or waiver form has been executed by the defendant can be used as the basis for a later enhanced penalty upon an otherwise third theft offense; and

> (5) Whether the presence of counsel for the defendant at the time a guilty plea on a misdemeanor charge in the district court is entered obviates the need for that tribunal formally to canvass the defendant's awareness of those rights being waived by entry of the plea?"

Issues (3) and (5) were not briefed separately by the parties and will, therefore, be considered waived. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983); *Fleming v. Martin*, 122 N.H. 128, 130, 442 A.2d 584, 585 (1982).

I. *Issue (1)—Attempted Theft.*

■■ This court has not had occasion to deal with the precise question of whether conviction of an inchoate crime may be used for the purposes of a penalty enhancement provision such as RSA 637:11, II(b), which states: "Theft constitutes a class B felony if . . . the actor

has been twice before convicted of theft of property or services . . . ." The defendant urges this court to place a narrow construction on RSA 637:11, II(b) such that "attempted theft" would lie outside the ambit of the statutory language. Such a wooden construction need not be placed on the statute; moreover, New Hampshire does not follow the common law rule that criminal statutes are to be strictly construed. RSA 625:3. "Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice." *State v. Partlow*, 117 N.H. 78, 81, 369 A.2d 221, 223 (1977).

The defendant argues that an *attempt* to commit an offense is not equivalent to the actual offense itself and, therefore, that an attempt cannot, as the committed offense can, form the basis for penalty enhancement. An attempt is a substantive crime in and of itself, RSA 629:1, I and IV (Supp. 1983), and thus attempted larceny is of this status. *Id.*, 50 AM. JUR. 2d *Larceny* § 56 (1970). Attempted theft is established by the same elements as theft proper under RSA chapter 637, except that the defendant has not completed the offense. Any act or omission constituting a "substantial step toward the commission of the crime" is enough to trigger the attempt statute. RSA 629:1, I. According to the complaint lodged with the Manchester District Court in July 1982, to which the defendant pleaded *nolo contendere*, the defendant began walking from the premises of a local business without paying for the item in her possession, then dropped the merchandise and fled on foot when pursued by an employee of the store. It can thus be said that a theft was established save for completion of the elements of taking and carrying. We conclude that under these circumstances an attempted theft is necessarily to be considered a theft for the purpose of determining whether there were prior convictions under the penalty enhancement provision of RSA 637:11, II(b). *Leftridge v. United States*, 410 A.2d 1388, 1390–91 (D.C. App. 1980).

In *State v. Partlow supra*, this court held that forgery of a check was analogous to the crime of false pretenses for the purposes of penalty enhancement. Although that specific determination was repudiated in *Partlow v. Perrin*, 117 N.H. 957, 379 A.2d 1273 (1977), on the ground that forgery in any amount was a felony and thus was not within the language of RSA 637:11, II(b), which relates to multiple convictions for misdemeanors, the reasoning employed in the prior case regarding what constitutes theft remains, in our judgment, sound. "Theft" is defined in RSA 637:1 by reference to an illustrative and not exhaustive enumeration of offenses: "Conduct denominated theft in this chapter constitutes a single offense

embracing the separate offenses *such as* those heretofore known as larceny, larceny by trick, . . . embezzlement, false pretense, extortion, blackmail, receiving stolen property." (Emphasis added.) RSA 637:1; *State v. Partlow, supra* at 80–81, 369 A.2d at 223. We hold, consistent with this broad statutory definition of "theft," that because attempted larceny is substantially equivalent to the consummated offense, it may be regarded as theft for the purposes of RSA 637:1 and RSA 637:11.

This conclusion is supported by reference to the purposes of the enhanced penalty provision. The statutory intendment is aimed at affording society the opportunity to deter, through the imposition of incarceration, those individuals who persist in the commission of petty crimes. *Partlow v. Perrin, supra* at 958, 379 A.2d at 1274. In this context it is a distinction of little suasion that Ms. Harper upon one occasion all but completed the intended theft.

## II. *Issue (2)—Shoplifting.*

Defendant's second argument, that her shoplifting conviction under RSA 644:17 should not be used for the purpose of the penalty enhancement provision, is amenable to substantially the same analysis as that concerning the attempted theft conviction. We begin our analysis by noting that "shoplifting" comprehends larceny in lay language, *Manson v. State*, 249 Ind. 53, 58, 229 N.E.2d 801, 804 (1967), and that courts have analyzed shoplifting cases as petty larceny. *See, e.g., Groomes v. United States*, 155 A.2d 73 (D.C. Mun. App. 1959).

It is true that "shoplifting" as an offense is a creature of statute, and that statutory definitions of that crime differ from those of larceny, most often dispensing with one of the elements of larceny in order to increase the deterrent effect by making convictions easier. *Note*, 32 IND. L.J. 20, 22 and 33 (1956–57), *State v. Fitzmaurice*, 126 N.J. Super. 361, 364, 314 A.2d 606, 608 (1974) (requirement of felonious intent); *State v. Allen*, 1 Ariz. App. 161, 163, 400 P.2d 589, 591 (1965) (requirement of asportation); *Stuckey v. State*, 486 S.W.2d 574, 576 (Tex. Crim. App. 1972) (requirement of want of owner's consent). Nevertheless, to argue, as the defendant does, that this crime is outside the theft chapter of the Criminal Code because it is "so unlike" theft, ignores the similarity between these offenses. Faced with arguments such as this, some courts have reiterated that there is no inconsistency in countenancing a conviction either for shoplifting or for larceny on the same facts. *Saunders v. State*, 8 Md. App. 143, 148, 258 A.2d 776, 779 (1969). Under RSA 644:17, IV (Supp. 1983), the prescribed penalty for the offense of shoplifting "shall depend on the value of the property, as provided in RSA

820

637:11"; furthermore, "value" as employed in RSA 644:17, IV (Supp. 1983) "shall be determined in accordance with RSA 637:2, V."

■ The shoplifting statute in this jurisdiction thus shares some of the elements of the theft statute, RSA chapter 637. Therefore, we hold that shoplifting is sufficiently like theft to enable a prior conviction for it to be regarded as a conviction for theft which may be used for penalty enhancement purposes under RSA 637:11, II(b). *See State v. Partlow*, 117 N.H. at 81, 369 A.2d at 223.

III. *Issue (4)—Prior Convictions Based on Nolo Pleas.*

The third issue properly before this court concerns the validity of defendant's two prior convictions based on nolo pleas for the purpose of applying the penalty enhancement statute, RSA 637:11, II(b). The defendant pleaded *nolo contendere* to charges of receiving stolen property and attempted theft on August 4, 1982. No waiver of rights and acknowledgement of rights form was signed by the defendant, but it is agreed that she was represented by counsel.

On appeal the defendant now attacks collaterally the validity of those two prior convictions, relying chiefly on *Boykin v. Alabama*, 395 U.S. 238 (1969). *Boykin* requires that the trial court canvass the matter of a defendant's guilty plea in order to ascertain whether the defendant has a full understanding of the plea and its consequences, and whether he is knowingly, voluntarily and intelligently waiving significant constitutional rights (right to trial by jury, right against self-incrimination, and right to confront one's accusers). *Boykin, supra* at 242. The other requirement of *Boykin* is that the court entertaining a defendant's guilty plea insure that an adequate record of the defendant's constitutional waivers is left for any future appeal. *Boykin, supra* at 244.

In the context of a collateral attack upon a prior conviction such as this, the State urges that we find *State v. Desbiens*, 117 N.H. 433, 374 A.2d 651 (1977) controlling. We held in that case that, in order to raise a successful *collateral* challenge to the validity of prior convictions based on nolo pleas, the defendant was required to make more than conclusory allegations that his plea had not been knowingly and intelligently made. He was required to put into issue some evidence regarding how his understanding of the plea or his volition was in fact deficient. *Id.* at 435, 374 A.2d at 652. We said in *Desbiens* that *Boykin* did not involve a plea challenge in the nature of a collateral attack and thus the latter case was no bar to the requirement of some measure of "pleading specificity in a post-conviction plea challenge." *Id.* at 436, 374 A.2d at 653.

We conclude that the defendant has not met her burden under *Des-*

*biens* of going forward with evidence of lack of knowing and intelligent waiver of her constitutional rights. The defendant's sole claim in testimony at the motion hearing, that she was not properly apprised of the fact that after the entry of her nolo pleas those convictions could be used for penalty enhancement upon some future conviction on a charge of unauthorized taking, is not of a constitutional dimension. In *State v. Levey*, 122 N.H. 375, 445 A.2d 1089 (1977), this court held that failure to apprise the defendant, who subsequently pleaded guilty to a charge of driving while intoxicated (DWI), that a further conviction for the same offense would subject her to a mandatory term of imprisonment, did not rebut the presumption created by her signing of a waiver and acknowledgement of rights form that she knowingly and voluntarily waived her constitutional rights. *Id.* at 377, 445 A.2d at 1090. We have said that "[a] defendant need only be advised of the direct consequences of his guilty plea and not of consequences which are collateral." *State v. Fournier*, 118 N.H. 230, 231, 385 A.2d 223, 224 (1978). Therefore, the testimony by the defendant that her attorney did not advise her of the possibility of an enhanced penalty for a future conviction is without moment.

The defendant's attorney at the motion hearing did attempt to introduce other evidence relevant to her *Boykin* claim. Her attorney at the time of the entry of her nolo pleas testified that he did not recall specifically advising her of her right to remain silent and her right to cross-examine witnesses; however, he did testify that the defendant changed her pleas from not guilty to nolo only after discussing the cases with him. His practice was, he said, in the absence of procedures requiring the filing of an acknowledgement of rights form, such as existed at the Manchester District Court, to detail for the client only those rights applicable to the pending trial. When the form was required, he said that he invariably went over it line by line with the client. He testified that they had originally prepared for trial; that they had discussed calling witnesses and had gone over the evidence; and that she had in fact submitted to him the names of potential witnesses. He could not recall that he had discussed with her the right not to incriminate herself. This testimony does not meet the requirement that a defendant's allegations of involuntary and unknowing waiver of his constitutional rights state the specific manner in which the plea of guilty or *nolo contendere* was in fact involuntary or without understanding. *State v. Desbiens, supra* at 437, 374 A.2d at 653.

We find, therefore, that the defendant has not passed the threshold test established by *Desbiens* for a collateral attack on prior

convictions upon constitutional grounds. In any trial, the State may put into evidence defendant's two prior nolo convictions for the purpose of invoking the penalty enhancement statute, RSA 637:11, II(b). The rulings of the superior court are affirmed.

*Affirmed.*

All concurred.