COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Friedman

ROBERT GEORGE CAHILL, JR.

MEMORANDUM OPINION[*]

v.      Record No. 0489-22-1                    PER CURIAM
                                                JUNE 6, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Elizabeth Kiernan Fitzgerald,
Assistant Attorney General, on brief), for appellee.

Robert George Cahill, Jr. pled guilty to malicious wounding, in violation of Code § 18.2-51.

On appeal, Cahill argues that the trial court erred in accepting his guilty plea because he did not

enter a "voluntary, knowing, and intelligent plea to the charge." He also contends that the trial court

abused its discretion in sentencing him to fifteen years in prison, with eight years suspended. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so,

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

we discard any of appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn therefrom. *Id*. at 473.

Cahill pled guilty in the Circuit Court for the City of Hampton to one count of malicious wounding, in violation of Code § 18.2-51.[1] Before entering his plea, the Commonwealth amended the indictment from aggravated malicious wounding to the lesser-included offense of malicious wounding, and the trial court arraigned Cahill for malicious wounding.[2] Before accepting his guilty plea, the trial court entered into a colloquy with Cahill in which the trial court verified Cahill's name, his age, and his level of education. The trial court inquired if Cahill had sufficient time to discuss his case with his attorney and asked if Cahill was satisfied with his counsel's services. Cahill answered yes to both questions. The trial court requested that the Commonwealth summarize its evidence against Cahill and then asked Cahill if he was pleading guilty because the Commonwealth's evidence "would tend to prove [him] guilty beyond a reasonable doubt."[3] Cahill again responded "yes."

Upon the court's further inquiry, Cahill confirmed that he fully understood "[the] charge against [him] and the elements of the crime," and he admitted that he was entering his plea freely and voluntarily. The trial court asked Cahill if he understood that in entering his plea he was waiving "certain rights like the right to a trial by jury, the right to cross-examine witnesses, and the

---

[1] Cahill entered an *Alford* plea under *North Carolina v. Alford*, 400 U.S. 25 (1970). *Alford* pleas are treated essentially the same as a guilty plea. *See Perry v. Commonwealth*, 33 Va. App. 410, 412 (2000).

[2] Although the trial court referenced Code § 18.2-51.2 (aggravated malicious wounding) in arraigning Cahill, it used only the statutory language for malicious wounding and did not reference the additional elements of aggravated malicious wounding. Moreover, Cahill was present during the discussion between the Commonwealth and the trial court in which the Commonwealth sought to amend the indictment to the lesser-included offense, and Cahill acknowledged his understanding that he was entering a plea to that charge.

[3] The guilty plea and the stipulation of facts were stated orally and not reduced to writing.

right to remain silent." Cahill answered "yes." Cahill confirmed that no one threatened him, or in any way forced him to enter the plea, and acknowledged that the trial court, "when imposing punishment," was not bound "by any agreement between [Cahill], [his] attorney, and the Commonwealth's [a]ttorney." Finally, the trial court verified that Cahill knew "what the maximum penalty might be" and that Cahill was aware he was waiving his right to appeal the decision of the court. The trial court then found that Cahill's guilty plea was "given freely, voluntarily, with knowledge and intelligence" and found him guilty of malicious wounding. The trial court ordered a presentence investigation report (PSR) and scheduled the matter for sentencing.

At the sentencing hearing, the trial court admitted the PSR into evidence and then heard testimony from Melissa Ledwell, the victim of Cahill's crime. Ledwell testified that she sustained lasting injuries because of Cahill's actions. Specifically, Ledwell suffers "constant pain" and has "seizure activity" from hitting her head, resulting in the loss of her driver's license. Ledwell also lost her job and now takes medication for her condition. The PSR listed Cahill's lengthy criminal history and included criminal sentencing guidelines recommending a range of punishment of three years and nine months at the low end, seven years and one month at the midpoint, and eight years and six months at the high end.

In seeking leniency, Cahill emphasized that he was only thirty-two years old and one of four children raised by a single mother. Cahill further explained that he has a "firm belief in God," that he was remorseful over the incident, and that he was already serving an eleven-year sentence from another jurisdiction. Cahill requested a sentence toward the low end of the guidelines and asked that his sentence run concurrently, in whole or in part, with his other sentence.

The Commonwealth argued that Cahill showed no signs of being remorseful and noted that he never apologized for his actions. The Commonwealth also remarked on Cahill's "long past with substance abuse" and his criminal history dating back nineteen years "to when he was a juvenile."

The Commonwealth further noted the victim's extreme suffering before asking the trial court to impose a sentence "above the guidelines" and recommending an active ten-year sentence. The Commonwealth did not object to "a portion of that sentence being served concurrently."

The trial court sentenced Cahill to fifteen years in prison with eight years suspended, resulting in an active period of incarceration of seven years. The court ordered that the seven active years run consecutively with the sentence of any other court. Cahill noted his objection to the sentence imposed upon him and later pursued this appeal.

## ANALYSIS

### I. Preservation of Error

Cahill first argues that the trial court erred in accepting his guilty plea because he did not enter it voluntarily, knowingly, and intelligently. He contends that the record "failed to establish that [he] understood the elements of the offense for which he [was] charged" or that he was "made aware of the various collateral consequences" of his plea. Cahill concedes that he failed to move to withdraw his guilty plea in the trial court and acknowledges that he did not preserve this argument for appeal. Nevertheless, Cahill contends that he "did not become aware of his inadequate understanding of the charge and its elements until after the August 23, 2021 sentencing hearing, by which time he had no opportunity to object to the unknowing, unintelligent, and consequently involuntary nature" of his guilty plea. Cahill asserts that this constitutes good cause for his failure to preserve his assignment of error and asks this Court to consider the matter to "attain the ends of justice" under Rule 5A:18. Because we find no reason on the record to apply the good-cause or ends-of-justice exceptions to Cahill's failure to preserve his argument for appeal, we affirm the trial court's acceptance of his guilty plea.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to

enable this Court to attain the ends of justice." Rule 5A:18. "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Good Cause

Generally, a defendant may move "to withdraw a plea of guilty . . . only before sentence is imposed or imposition of a sentence is suspended." Code § 19.2-296. However, in order "to correct manifest injustice, the [trial] court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea." *Id.* Thus, after Cahill entered his guilty plea, he had the opportunity to challenge it as having been made unknowingly, unintelligently, or involuntarily for up to twenty-one days after entry of the sentencing order. *See* Rule 1:1. He failed to do so. In fact, Cahill filed a *pro se* motion to reconsider and modify his sentence, but nowhere in his motion did he request to withdraw his plea or assert that his plea was not made knowingly, voluntarily, and intelligently. Rather, Cahill's *pro se* motion emphasized his acknowledgement that he has made mistakes and his need to be "more productive" in life, his attendance in various jail-based programs, and his compliance with mental health treatment and medication management. While Cahill's motion does mention his attorney's request that his sentence run concurrently with the sentence he was serving in another jurisdiction, his *pro se* motion does not assert that this misunderstanding had any effect on his plea. In fact, the trial court ensured on the record that Cahill was aware it did not have to abide by any agreement between Cahill, his attorney, and the Commonwealth. In any case, Cahill failed to obtain a ruling on his *pro se* motion to reconsider the sentence, leaving us with no decision for review.

In short, because Cahill had the opportunity to move to withdraw his guilty plea but elected not to do so, and because he failed to obtain a ruling on his *pro se* motion to reconsider his sentence, the good-cause exception to Rule 5A:18 does not apply.

Ends of Justice

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). "Application of the ends of justice exception requires proof of an error that was 'clear, substantial and material.'" *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (quoting *Herring v. Herring*, 33 Va. App. 281, 287 (2000)). "[T]he 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." *Mounce v. Commonwealth*, 4 Va. App. 433, 436 (1987). To evaluate the evidence for a miscarriage of justice, we must determine whether an error occurred that involved "substantial rights" and "clearly had an effect upon the outcome of the case." *Brown v. Commonwealth*, 8 Va. App. 126, 131 (1989). "Where the record does not affirmatively establish error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012).

Cahill contends that the trial court abused its discretion in accepting his plea by failing to ensure that the plea was knowing and voluntary. Indeed, because a defendant who enters a guilty plea waives several rights, a "plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "Waivers of constitutional rights not only must be

voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. Thus, affording "due process to a defendant's entry of a guilty plea requires 'an affirmative showing [on the record] that the waiver embodied in the plea of guilty is intelligently, voluntarily and knowingly made.'" *Allen v. Commonwealth*, 27 Va. App. 726, 731 (1998) (alteration in original) (quoting *Graham v. Commonwealth*, 11 Va. App. 133, 139 (1990)). In making that determination, "the truth and accuracy of representations made by an accused as to . . . the voluntariness of his guilty plea will be considered conclusively established by the trial proceedings, unless the [accused] offers a valid reason why he should be permitted to controvert his prior statements." *Anderson v. Warden of Powhatan Corr. Ctr.*, 222 Va. 511, 516 (1981).

In this case, Cahill affirmed on the record that he was entering his plea voluntarily and intelligently. That affirmance, on its face, conclusively established that his guilty plea was voluntary and intelligent. Nevertheless, Cahill contends that he was not aware of the true consequences of his guilty plea and argues that, for that reason, this Court should invoke the ends-of-justice exception to Rule 5A:18. We decline to do so.

"For a guilty plea to be constitutionally valid, a defendant must be made aware of all the direct, but not *the collateral*, consequences of his plea." *Brown v. Commonwealth*, 297 Va. 295, 302 (2019) (emphasis added) (quoting *Meyer v. Branker*, 506 F.3d 358, 367-68 (4th Cir. 2007)). "Direct consequences have a definite, immediate and largely automatic effect on the range of the defendant's punishment. A consequence is collateral when it is uncertain *or beyond the direct control of the court*." *Id.* (quoting *Meyer*, 506 F.3d at 368). Thus, collateral "consequences are irrelevant to the validity of the guilty plea." *Id.* (quoting *People v. Williams*, 721 N.E.2d 539, 544 (Ill. 1999)). "Because consequences attendant to the commission of an offense are so numerous and logically unforeseeable, to require more would be an absurdity and would impose upon the circuit

- 7 -

court an impossible, unwarranted, and unnecessary burden." *Id.* (quoting *State v. Fournier*, 385 A.2d 223, 224 (N.H. 1978)).

Cahill essentially claims that the trial court was required to explore whether he knew that his guilty plea would cause him to lose his right to vote, to be disqualified from receiving certain public benefits, to be disqualified from certain business and occupational licenses, to be barred from owning or possessing a firearm, or that his plea might cause him to run afoul of certain recidivist and "three strikes" statutes. However, the rights he lists are merely collateral because the trial court had no direct control over them. Moreover, the mere fact that the trial court did not confirm Cahill knew his plea might influence those rights does not affirmatively prove he was not aware of the full consequences of his plea. In any case, the collateral effects of his plea are simply not relevant to the analysis. Cahill's argument fails because the record does not show that his listed consequences had "a definite, immediate and largely automatic effect on the range of [his] punishment"[4] *Brown*, 297 Va. at 302.

Cahill's suggestion that he was not aware of the elements of the offense is also not supported by the record. During the colloquy, Cahill acknowledged that he discussed with his attorney the charge against him, including its elements, and what the Commonwealth was required to prove. He also stated that he was satisfied with his legal representation. Thus, contrary to his assertion, the record indicates that Cahill entered his plea knowingly, voluntarily, and intelligently with a clear understanding of the elements of the offense and the nature and consequences of his plea. We find no affirmative error in the trial court's ruling; nor does the record indicate any clear adverse effect upon the outcome of Cahill's case.

---

[4] Cahill's reliance on *Padilla v. Kentucky*, 559 U.S. 356 (2010), is misplaced. *Padilla* held that effective assistance of counsel under the Sixth Amendment requires that defense counsel inform a "noncitizen client that he faces a risk of deportation." *Id.* at 374. Cahill does not allege such ineffective assistance of counsel here; nor does he claim to be a "noncitizen."

Because we find that Cahill's guilty plea was entered knowingly, voluntarily, and intelligently, we find no miscarriage of justice, and because Cahill failed to motion the court to allow him to withdraw his guilty plea, the good-cause and ends-of-justice exceptions do not apply. We, thus, conclude that Rule 5A:18 bars our consideration of this assignment of error.

## II. Sentencing

Cahill also argues that the trial court erred in sentencing him to serve fifteen years in prison, with eight years suspended. He claims that the trial court's imposition of a seven-year active sentence that ran consecutively with his other sentence "was arbitrary and unduly harsh and did not further the goal of rehabilitation," and further that it was an "unwarranted disposition that did not fit the offender." Cahill concludes that the trial court abused its discretion in its imposition of such a "harsh sentence" and prays that we remand this matter for a new sentencing hearing.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Accordingly, we may consider only whether the sentence fell outside the statutory range. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565).

Cahill claims that, in imposing a fifteen-year sentence, the trial court abused its discretion by failing to consider his acceptance of responsibility, his concern for the victim, his expression of remorse, and the fact that he was already serving a lengthy prison sentence from another

jurisdiction. We disagree. Cahill's fifteen-year sentence fell short of the maximum twenty-year penalty permitted by Code §§ 18.2-51, 18.2-10, and his seven-year active period of incarceration fell within the range recommended by the sentencing guidelines. The trial court clearly considered all of the evidence presented and listened to the statements Cahill made in allocution before noting that this was "a completely unnecessary event which changed lives, most specifically Ms. Ledwell's." The trial court also acknowledged that "unfortunately there's things that have gone on in Mr. Cahill's life that led him to be involved in this event." "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. Such decisions "rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

In this case, the trial court considered the facts of the case, Ledwell's testimony, the PSR, and the arguments of the parties before imposing a sentence it deemed "appropriate." Because that sentence fell within the statutory range permitted by Code § 18.2-51, "our task is complete." *Thomason*, 69 Va. App. at 99.

## CONCLUSION

Because we are barred by Rule 5A:18 from considering Cahill's assertion that the trial court erred in accepting his guilty plea, and because the trial court did not abuse its discretion in sentencing Cahill within the statutory range for malicious wounding, the judgment of the trial court is affirmed.

*Affirmed.*