## Ballentine and Wife v. Scottsville Builders Supply Company.

(Decided May 25, 1923.)

### Appeal from Allen Circuit Court.

1. Contracts—Owner Held Not Entitled, in Action to Enforce Mechanic's Lien, to Recover Damages After Acceptance of Houses.—Where two houses were constructed by plaintiff for defendants without plans or specifications, but under defendants' direction as the work progressed, and defendants accepted both houses after they were completed, defendants could not counterclaim for defects in the construction in plaintiff's action to foreclose a mechanic's lien.

2. Appeal and Error—Finding of Chancellor as to Amount Due Held Conclusive.—In an action to foreclose a mechanic's lien for the construction of two houses, finding of the chancellor as to amount due plaintiff held not to be disturbed.

HARPER & DENTON for appellants.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The only question in this action involving complicated accounts growing out of the construction of two dwellings on appellants' adjoining lots is the net amount due appellee for labor and material furnished therefor.

By the petition as amended, appellee claimed a balance due it of $2,376.63, while appellants, by their answer and counterclaim, admitted an indebtedness of $437.38, for which they offered to confess judgment.

The action is in equity, and it is admitted that appellee has a mechanic's lien on the property for the amount due it, which the chancellor, upon the pleadings and eviand counterclaim, admitted an indebtedness of $437,38, dence, fixed at $1,900.00, without indicating by what process that result was obtained or upon what items it was based.

No brief is filed for appellee, and it is admitted in the brief for appellants that it is impossible from the evidence to ascertain the exact amount due appellee, but the opinion is expressed therein that the chancellor erred in fixing it at more than about $1,400.00, and in support of this contention reference is made to the evidence upon many but not all of the items in issue.

The contract for the construction of one of the houses was in writing, and provided that appellee should furnish the labor and material, with certain exceptions, and, for $1,600.00, construct a dwelling of five rooms and a bath. The other contract was oral, and according to appellants' testimony, appellee was to furnish the labor and material for same for $1,525.00; while according to appellee's testimony, it was to furnish only the material, and receive therefor $1,150.00.

There were no plans or specifications for either house. Both houses were constructed under appellants' personal supervision, and as they directed. They paid for all the labor on both houses, by giving checks to the workmen. No record was kept by them, showing upon which contract these payments were made, except as is indicated on some but not all of the checks, and it is utterly impossible to ascertain, with any degree of certainty, what amount appellants paid out for labor on either house.

Unless, therefore, the evidence sustained appellants' contention that appellee was to furnish the labor as well as the material for both houses, it is utterly impossible to tell how much of the total amount they paid for labor on both houses is chargeable to appellee. The evidence does not, in our judgment, support their contention that appellee was to furnish the labor for the second house, but sustains rather the contrary contention of appellee that it was to furnish only the material for that house, and that it was to receive therefor $1,150.00.

Both houses were not only constructed without plans or specifications and as appellants directed as the work progressed, but they accepted both after they were completed, and it is clear, we think, that they were not entitled to recover anything upon their counterclaim for damages, thereafter asserted, for alleged defects in the construction.

It is not only impossible, as counsel for appellants concede, to ascertain from the evidence the exact amount due appellee, but it is also impossible to assert with any confidence that the correct amount is more or less than $1,900.00, or that the chancellor erred in fixing it at that amount.

About all that can be said with reference to the evidence is, that it would have sustained one amount about as well as any other within a few hundred dollars upon either side of the amount fixed by the chancellor, and that it does not, therefore, authorize a reversal of his finding.

Judgment affirmed.