Ruth R. COBB, Appellant,

v.

Wilk HOSKINS, Appellee.

Court of Appeals of Kentucky.

Aug. 12, 1977.

William G. Reed, Jonesville, for appellant.

William F. Threlkeld, Williamstown, for appellee.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is based on a complaint by the appellant seeking $1,661.03 from the appellee arising from an alleged sharecrop rental agreement for the cultivation of one acre of tobacco. In the spring of 1974 Harry Cobb, husband of and agent for Ruth Cobb, the appellant, sought out the appellee and after some discussion it was agreed that the appellee would raise approximately one acre of tobacco on the land owned by the Cobbs during the 1974 growing season. Mr. Cobb says that it was his intention that Mr. Hoskins would receive one-half of the net proceeds and the other half would go to the appellant, Ruth Cobb. The appellee says that it was his understanding that he would receive all of the net sales price of the one acre of tobacco in return for other work he was to do on the farm. There is no dispute that additional work was performed by the appellee; that neither of the parties kept any records of the time of the appellee; that the appellee did not make any claim for the work; and that the appellee lived in a house on the property of the appellants. At trial appellant/plaintiff offered instructions which were refused by the court. The trial court gave its own instructions and based on Instruction No. 3 the jury returned a verdict against the plaintiff. This appeal followed.

The question presented is whether the instructions given by the trial court were correct statements of the law of the case and whether the objection to them was properly preserved.

This Court reverses the judgment of the trial court.

The appellant challenged the propriety of Instruction No. 3, a meeting of the minds instruction, in that it did not fully state the law concerning the making of contracts. Although the full text of the objection contains surplus language relating to the station and rank of the parties, it is clear enough to this Court that an objection was made and that the objection was continued in a motion for new trial.

This Court recognizes the necessity to have a specific objection to the giving of or failure to give instructions at the trial level, so as to properly preserve error for appeal. The purpose of Rule 51(3) is to obtain the best possible trial at the trial court level. Certainly, the trial judge should receive every assistance in fairly submitting the proper issue to the jury. The purpose of instruction is to fairly present to the jury the legal issues involved. Former Court of Appeals Commissioner

Watson Clay in his comments on Rule 51(3) indicates that an important consideration should be the protection of the parties' rights to a fair trial when counsel in good faith attempts to question the substance of the instructions. W. Clay, 7 *Kentucky Practice*, CR 51(3) (3d ed. 1974). Commissioner Clay goes on to say that if the claimed error is material and obvious, counsel should not be required to elaborate on the grounds of his objection.

■ The record further indicates that the appellant/plaintiff submitted instructions which were refused by the trial judge. Where instructions offered by the plaintiff clearly present her position, no specific objection to the trial court's refusal thereto was necessary to preserve the right to appeal the instructions given to the jury by the court. *Fields v. Rutledge*, Ky., 284 S.W.2d 659 (1955); 58 A.L.R.2d 210. In this instance the clarity of plaintiff's offered instruction, as well as his objection, was marginal at best.

Clearly here Rule 61.02 has applicability. A palpable error which affects the substantial rights of a party may be considered by the appellate court even though insufficiently raised or preserve for appellate review. Such relief is available only if a manifest injustice has resulted from the error. In applying this rule, the palpable error must result from action taken by the court rather than an act or omission by the attorneys or the litigants.

■ In this situation the refusal of the trial court to accept the plaintiff's tendered instruction, coupled with its own erroneous Instruction No. 3, resulted in a manifest injustice. The purpose of instructions to the jury is to give that body the opportunity to select the appropriate law to be applied to a factual situation. That opportunity was not fully provided in this case.

■ In this situation it appears to this Court that the law relating to sharecrop rental arrangements for tobacco farming was not fully presented to the jury by the trial court's Instruction No. 3. It is fundamental that a right to land implies a right to the profits accruing therefrom. *Green v. Biddle*, 21 U.S. 1, 8 Wheat. 1, 5 L.Ed. 547 (1823). The ownership of real estate carries with it, as an incident thereto, the prima facie presumption of ownership of both the natural products of the land and the annual sown crops. *Klevmoen v. Farm Credit Administration*, 138 F.2d 609 (8th Cir. 1943).

■ Instruction No. 3 was taken verbatim from *Gaffney v. Switow*, 211 Ky. 232, 277 S.W. 543 (1925), and may be found in *Stanley's Instruction To Juries*, Section 287. However, the *Gaffney* case indicates that although the instructions may correctly state the principle of law, it was inapplicable to the evidence in the case decided by that court. It is our opinion that the same situation pertains in this instance.

This appeal has been particularly vexing and has occupied a disproportionate amount of the Court's time since the appellant's counsel has not seen fit to furnish this Court with a statement of the questions of law involved, or adequate authorities which are applicable to this situation. However, we believe that the appellee was able to correctly analyze the documents submitted by the appellant, and was not prejudiced thereby since the appellee's counsel responded in a capable, skillful and highly professional manner.

The judgment of the trial court is reversed and this matter is remanded for such proceedings as may be consistent with this opinion.

ALL CONCUR.