Henry Michael CRUSE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

May 2, 1986.

Discretionary Review Denied and Opinion
Ordered Published by Supreme Court
July 29, 1986.

G. William Bailey, Jr., Pate & Bailey, Elizabethtown, for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment affirming the Hardin District Court's determination that appellant was guilty of violating KRS 189A.010, operating a motor vehicle while under the influence of alcohol or some other substance.

The appellant was charged with violating KRS 189A.010(1) which provides:

No person shall operate a motor vehicle in this state while under the influence of alcohol or any other substance which may impair one's driving ability.

The arresting officer observed that Cruse's appearance was disturbed and that he was unsteady on his feet. Appellant advised the officer that he was taking prescription medication as evidenced by various medicine bottles and needles on the seat of the automobile. The breathalyzer test result was 0.0%, which demonstrated that there was no alcohol present in appellant's system at the time of arrest. Cruse was convicted in the District Court and appealed to the Circuit Court upon the sole issue of the constitutionality of the statute. Specifically, it is appellant's position that the failure of the Legislature to define "substance" does not convey to the ordinary "man on the street" what conduct is proscribed.

In a well-reasoned opinion, the circuit judge wrote:

The Appellant contends that the Legislature must inform him what substances are illegal to consume or inject into his body before getting behind the wheel. In the opinion of this Court, the Appellant misses the point. The crime is not the consumption of alcohol or any other substance, but rather the continued operation of a motor vehicle after one's ability to operate a motor vehicle has become impaired. The purpose of the statute is not to keep a person from consuming alcohol, food or medicine, but it is to keep that person from killing or maiming the rest of us once he becomes aware that he can no longer operate a motor vehicle by

reason of some adverse effect from the alcohol or substance consumed.

To expect the Legislature to list every possible substance that might impair one's driving ability is asking a bit too much. Further, a substance that impairs one person's ability might not impair another's. Secondly, the Legislature would also have to describe what quantity of a particular substance could be taken safely.

For example, stewed prunes might impair one person's ability to drive and might not affect another person's ability; while on the other hand, a cup of stewed prunes might not affect a particular driver, but a quart of stewed prunes might impair his ability.

In the opinion of this Court, 189A.010 is crystal clear. If you consume alcohol or any other substance that impairs your driving ability, then you have an obligation to cease driving.

Appellant directs our attention to *Sasaki v. Commonwealth*, Ky., 485 S.W.2d 897 (1972), wherein the court stated:

> The accepted test in determining the required precision of statutory language imposing criminal liability is whether the language conveys a sufficient definite warning as to the proscribed conduct when measured by common understanding and practices.

Since we are in wholehearted agreement with the *Sasaki* test, we now look to the statute to see what definite warning it conveys when measured by common understanding. What the enactment tells the "man on the street" is do not drive a vehicle when your ability to operate it is impaired. In the interest of the public welfare, the General Assembly may impose such conditions as it deems necessary to protect the citizenry from unauthorized operation of vehicles. It can and has imposed the requirement of obtaining a driver's license and in so doing, it had denied such a document to those under a specific age, insane, or mentally retarded individuals, those affected with physical or mental disabilities impairing their ability to control a

vehicle, those with faulty eyesight which is uncorrectable, those who are unable to read highway signs and others listed in KRS 186.440. *See also* KRS 186.411 as to persons suffering from seizure conditions. It logically follows then that the Legislature can mandate that when one operates a vehicle upon the streets and highways of the Commonwealth they shall not ingest sufficient alcohol or ingest sufficient "anything else" or substance which impairs their ability to operate the vehicle. By way of analogy, our conclusion is supported by the penal code definition of intoxication found in KRS 501.010(2) to the effect that:

> "Intoxication" means a disturbance of mental or physical capacities resulting from the introduction of substances into the body.

We observe that the General Assembly did not deem it necessary to include the terms alcohol or drugs in its definition but considered the word "substances" to be sufficient. In the words of the court below:

> To expect the Legislature to list every possible substance that might impair one's driving ability is asking a bit too much.

Even though the trial court employed the example of prunes, we select coffee or tea in our analogy. In some individuals the consumption of sufficient amounts of the caffeine liquids produces a state of extreme nervousness, even to the point that the ability to competently drive a car would be impaired. What the statute says is do not fill up with the caffeine substance to such a point that you are a menace behind the wheel.

We agree with that portion of appellant's brief to the effect:

> A substance can mean literally anything. Ordinary food is a substance, and overeating or eating foods which may thereafter upset your system may impair your ability to operate a motor vehicle.

This is true but the addendum provided by the statute is that if you overeat to a point that you do in fact impair your ability to operate a motor vehicle—then do not drive it.

The average person is generally aware of what produces adverse reactions within their own bodies and if they abuse alcohol, drugs, or *any other substance* to such an extent that their competency to drive a vehicle is impaired, they customarily know that fact and they should also know that they run afoul of KRS 189A.010.

The trial court was correct and the judgment is affirmed.

All concur.