Morton HAYDEN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

William H. CLARK, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Nos. 88–CA–490–DG, 88–CA–0070 DG.

Court of Appeals of Kentucky.

March 31, 1989.

Grover S. Cox, Louisville, for appellant, Hayden.

Stephen D. Milner, and Sandra Mendez–Dawahare Landrum & Shouse, Lexington, for appellant, Clark.

Frederic J. Cowan, Atty. Gen., Frankfort, Robert M. Kirtley, Sp. Asst. Atty. Gen., Owensboro, Raymond Larson, and Jennifer Lewis Todd, Sp. Asst. Attys. Gen., Lexington, for the Com.

Before McDONALD and WEST, JJ., and WHITE, Special Judge.

WEST, Judge.

Discretionary review was granted from orders of the Fayette Circuit Court and the Daviess Circuit Court which had affirmed convictions of Morton Hayden and William H. Clark for driving under the influence of alcohol (KRS 189A.010). We have consolidated the appeals because the basic question in both cases is whether impaired driving or impaired driving ability must be proven to sustain a conviction for a violation of KRS 189A.010 when the substance involved is alcohol. Or, stated in the affirmative: What elements must the Commonwealth prove beyond a reasonable doubt when an individual is charged with operating a motor vehicle while under the influence of alcohol? We hold that other than the date, time and location of the occurrence (which are not in issue in either case), there are but two (2) essential elements: 1) operation of a motor vehicle; 2) while under the influence of alcohol.

KRS 189A.010(1) reads as follows:

No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which may impair one's driving ability.

We believe that the clear meaning of the statute is that when a person operates a motor vehicle while under the influence of alcohol he has violated the statute. *Commonwealth v. Ball*, Ky., 691 S.W.2d 207, 209 (1985). The statute would be redundant if read so as to require proof not

only that the defendant was under the influence of alcohol but also that alcohol impairs one's driving ability.

Evidence of impaired ability is presented at trial through the description of the performance of field sobriety tests which measure psycho-motor functions, hand-eye coordination and reaction time. However, the primary function of the field tests is to give the officer reasonable grounds to believe the defendant is under the influence in order to justify the arrest, the request of the taking of a blood-alcohol test and possible suspension of driving privileges if the test is refused (KRS 186.565).

The statute (KRS 189A.010) is designed to protect users of the highway from the risk created by drivers whose responses are affected by the ingestion of alcohol or other substances which may have a similar effect. It is the risk that when faced with an emergency situation a driver who is under the influence of alcohol might not respond appropriately or quickly enough which the statute is designed to alleviate. Sometimes by dumb luck or the intervention of providence even a driver who is under the influence of alcohol makes the right driving decisions and avoids demonstrating impaired driving. Being under the influence may or may not have resulted in actual impaired driving on that particular occasion. However, it is the percentage of times that impaired driving does result that the statute guards against. While sometimes actual impaired driving is what calls the officer's attention to a particular vehicle and justifies the initial stop, that justification can also come from minor violations which may or may not demonstrate impaired driving. Consequently, it is our view that although evidence of impaired driving and/or impaired driving ability is often present in a DUI trial, neither are an essential element of the offense.

Appellant, Morton Hayden, was convicted of DUI, second offense, in a jury trial in Daviess District Court. In his direct appeal and before this Court, he contends the trial court erred in overruling his motion for a directed verdict of acquittal based on the Commonwealth's failure to prove impaired driving ability and refusing to give his tendered instruction which required the jury to find that "his driving ability was impaired due to the influence of alcohol."

Hayden maintains that the holding of *Cruse v. Commonwealth*, Ky.App., 712 S.W.2d 356 (1986), establishes impaired driving ability as an element of the offense. Further, he argues the rule enunciated by the U.S. Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979), that each element of a criminal offense must be proven beyond a reasonable doubt, requires reversal of his conviction.

■ Although we recognize the holdings of the cited authority, we disagree that the cases cited have application to this case. In *Cruse*, supra, the Court addressed a constitutional challenge concerning the lack of definition of any "other substances." Our reading of the statute and the opinion in *Cruse*, supra, is that one can be convicted of violating KRS 189A.010(1) by being under the influence of other *substances* which have the *propensity* to impair your driving ability, or under the influence of *substances* which do not ordinarily have such propensities but because of the amount ingested have in fact impaired your driving ability or *under the influence of alcohol.*

We believe Hayden was simply mistaken as to the elements of the offense therefore. The trial court did not err in overruling his motion for a directed verdict of acquittal nor in refusing to give the tendered instruction.

In appellant, William H. Clark's, trial for DUI, first offense, in Fayette District Court, the jury was instructed as follows:

You will find the Defendant guilty if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(a) that in this county on or about August 5, 1987, the defendant was operating a motor vehicle; and

(b) while so doing he was under the influence of alcohol or any other substance which may impair one's driving ability.

After the jury retired to deliberate, it sent the following written question to the trial judge:

Is it the Commonwealth's duty to prove that the driving ability of the Defendant was impaired or just might have been impaired?

The trial court declined, over appellant's objection, to answer the question based upon his opinion that the statutory language was not ambiguous and was clear on its face.

The jury subsequently returned a verdict of guilty which was affirmed on appeal to the circuit court who agreed with the trial judge that neither the wording of the statute nor the instructions were ambiguous and there was no error committed by the trial judge in declining to answer the jury's question.

We agree.

Clark was alleged to be operating his motor vehicle while under the influence of alcohol. Since no other substance was involved that portion of the instruction which read "or any other substance which may impair one's driving ability" was surplusage. Because we believe that impaired driving ability is not a necessary element of the offense we likewise believe that the trial court did not err in refusing to answer the jury's question and the circuit court properly affirmed his conviction.

All concur.