**Mollie Jayne SURBER and John E. Surber, Appellants,**

v.

**Virgil WALLACE, d/b/a Wallace Construction Company, Appellee.**

**No. 91–CA–000362–MR.**

Court of Appeals of Kentucky.

May 22, 1992.

C.B. Creech, Charles D. Oppenheimer, Paul T. Allen, Jr., Ashland, for appellants.

Eldred E. Adams, Jr., Louisa, David O. Welch, Ashland, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

HUDDLESTON, Judge.

This appeal arises out of a suit brought by John E. and Mollie Jayne Surber to recover damages for the breach of a construction contract they had entered into with Virgil Wallace, doing business as Wallace Construction Company. The Surbers alleged that Wallace did not construct certain improvements to their home in a workmanlike manner. At trial, a jury found in favor of Wallace. Because we find no error, we affirm a judgment for Wallace based on the jury's verdict.

In April, 1982, Wallace orally agreed to build additions onto both ends of the Surber residence, to brick the exterior of the house, and to build a chimney and fireplace. In 1986, the Surbers noticed that the chimney had begun to pull away from the house, that the exterior brick walls and patio were cracking, and that the floor under a portion of the addition was sinking. They complained to Wallace to no avail. The Surbers filed suit and the trial court entered summary judgment for Wallace.

On appeal to this Court, we reversed the summary judgment and remanded the case for a trial on the merits. At trial, the primary issue in dispute was whether Wallace had a duty to investigate the soil conditions before building the additions. The Surbers presented evidence that subsidence of the footer[1] under the eastern addition caused the damage to their home. The jury, in answers to interrogatories, found that subsoil conditions were a substantial factor in causing damage to the Surber residence, but also found that Wallace neither knew nor in the exercise of reasonable care should have known that any improvements to the residence were likely to fail

---

1. A footer is a concrete configuration that is poured into the ground to serve as the foundation for the structure built above.

because of those conditions. The jury also found that Wallace did not fail to make the Surber residence improvements in a "workmanlike manner using suitable materials under existing soil conditions."

In this second appeal, the Surbers initially argue that the trial court erroneously instructed the jury on the law pertaining to Wallace's duty of care. We do not reach this issue because the Surbers have failed to comply with the mandates of CR 76.-12(4)(c)(iv) which requires that an appellant's brief contain:

> An "ARGUMENT" conforming to the Statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law *and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.* (Emphasis supplied.)

■ The Surbers are correct in stating that inasmuch as they tendered proposed instructions, under CR 51(3) no specific objections were necessary to preserve their right to appeal the instructions actually given by the trial court. If the offered instructions clearly present a party's position, no further action is required. *Cobb v. Hoskins*, Ky.App., 554 S.W.2d 886, 888 (1977). Unfortunately, the Surber's tendered instructions are not in the record, so, we are unable to determine whether they clearly set forth their position and, consequently, whether they have properly preserved the alleged error for appeal.

Ironically, the Surbers had every opportunity to enter their proposed instructions into the record. The trial court afforded them this chance at an *in camera* jury instruction conference. Furthermore, the Surbers moved post-trial to supplement the record to add objections to instructions that were not made on the record at the earlier conference. Although the trial court denied the motion, finding that "any objections not reflected in the official reporter's transcript were waived," the Surbers could have appended the proposed instructions as an exhibit to their motion. Even when Wallace cited the Surbers' failure to comply with CR 76.12 in his brief, they filed a reply brief, but did not supply the deficiency.

In *Elwell v. Stone*, Ky.App., 799 S.W.2d 46, 47 (1990), we declined to review alleged errors where the appellant's brief did not reference the record to show that the error was properly preserved for appeal; and we decline to do so in this case.

The Surbers also argue that the trial court erred when it refused to grant their motion for a directed verdict and their post-trial motion for judgment notwithstanding the verdict.

In *Taylor v. Kennedy*, Ky.App., 700 S.W.2d 415, 416 (1985), we said:

> In ruling on either a motion for a directed verdict or a motion for judgment notwithstanding the verdict, a trial court is under a duty to consider the evidence in the strongest possible light in favor of the party opposing the motion. Furthermore, it is required to give the opposing party the advantage of every fair and reasonable inference which can be drawn from the evidence. And, it is precluded from entering either a directed verdict or judgment n.o.v. unless there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ.

See also *Sutton v. Combs*, Ky.App., 419 S.W.2d 775 (1967).

■ When this case was first before us we inferentially adopted Alaska's rule of law concerning a contractor's duty of care. We now explicitly adopt the Alaska rule as the law in Kentucky. That rule holds that in a case involving a construction contract that does not involve plans and specifications, a contractor will be liable for damage caused by subsurface conditions where he "knew or reasonably should have known" of the subsurface condition. *Lewis v. Anchorage Asphalt Paving Co.*, 535 P.2d 1188, 1200 (Ala.1975). We have recognized that the result may be different if the homeowner directs the manner in which the work should be done as it progresses, *Bal-*

*lentine v. Scottsville Builders' Supply Co.,* 199 Ky. 347, 251 S.W. 207 (1923), or if the work is done according to the homeowner's plans and specifications. *Moors v. Kentucky Electrical Co.,* 182 Ky. 825, 208 S.W. 15 (1919).

In the first appeal, we observed that the facts in this case indicate that the Surbers wanted an "end result" since they had no hand in how the additions were built. Consequently, we reversed the summary judgment and remanded the case to determine whether Wallace constructed the additions in a workmanlike manner, that is, whether he knew or should have known of the subsoil conditions and took appropriate steps to deal with them.

 In arguing that Wallace did not complete the structure in a workmanlike manner, thus entitling them to a directed verdict, the Surbers point to Wallace's testimony in which he admits that he did not inspect or evaluate the soil or the footer because he assumed that his employee would perform the work adequately.

Viewing the evidence in a light most favorable to Wallace and drawing all reasonable inferences in his favor from the evidence, as we are required to do, we are satisfied that there was sufficient evidence to justify submitting the case to the jury and to support its subsequent verdict. The mere fact that Wallace did not inspect the soil or the footer does not, in and of itself, suggest that he breached his duty of care. While Wallace visited the job site on several occasions, both parties agree that he did not have actual knowledge of the subsoil conditions when he had his employee pour the footer. Thus, the critical question is whether he should have known of these conditions.

There is no evidence in the record that suggests that Wallace should have known the subsoil was faulty. In fact, since the Surber's home was already on the property, the jury apparently concluded that it was reasonable for Wallace to assume that the subsoil would support the additions he was employed to build.

As earlier noted, the jury specifically found that Wallace made the improvements "in a workmanlike manner using suitable materials under existing soil conditions." It further found that while "subsoil conditions were a substantial factor in causing damage to the Surber residence," Wallace did not know nor should he have known "that any improvements placed on the Surber property were likely to fail because of the subsoil conditions." The jury concluded that the footer that was poured was sufficient under the known soil conditions and that Wallace had no reason to believe that the subsoil would not support the structure above. Its verdict finds support in the evidence.

Accordingly, the judgment is affirmed.

All concur.