**Robert A. BRIDGES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 92–SC–8–DG.**

Supreme Court of Kentucky.

Jan. 21, 1993.

Richard Kip Cameron, Hopkinsville, for appellant.

Chris Gorman, Atty. Gen., Frankfort, J. Michael Foster, County Atty., Arnold B. Lynch, Asst. County Atty., Hopkinsville, for appellee.

COMBS, Justice.

We granted review of Bridges' conviction for operating a motor vehicle while under the influence of (apparently) alcohol. The issue is whether the trial court erred to the defendant's prejudice by including in its instructions to the jury a definition of "under the influence." We hold that the trial court did so err, and reverse.

The elements of the charged offense are defined by KRS 189A.010(1):

No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which may impair one's driving ability.

The trial court's Instruction No. I fairly stated the statutory elements. The court

then proceeded, over objection, to give its Instruction No. III:

"Under the influence" means that a person must consume some alcohol or other intoxicating beverage of any type which may impair his driving ability. The intoxicating beverage, whether in small quantities or great quantities, may adversely affect the Defendant's action, reactions, conduct, movements or mental processes, and may have impaired his reactions so as to deprive him of that control over himself which he would normally possess. It is not necessary for the Commonwealth to prove impaired driving ability or that the Defendant was "drunk", [sic] and it is not necessary that the Commonwealth of Kentucky prove the exact type of intoxicating beverage that a person consumed to warrant a finding by you of guilty.

■ For a number of reasons, we believe Instruction No. III was improper. First, the instruction equates "under the influence" with mere consumption. This fallacy, combined with the truisms which follow it, re-writes the statute so as to incriminate any person who drives after having consumed any amount of alcohol at any time.

That the equation is indeed fallacious is beyond question. The implication of Instruction No. III, that consumption of any amount of alcohol necessarily puts the consumer "under the influence," defies common sense and, perhaps more to the point, defies the law. It cannot be reconciled with KRS 189.520(3), which provides in part:

(a) If there was 0.05 percent (5/100%) or less by weight of alcohol in such blood, it shall be *presumed that the defendant was not under the influence* of intoxicating beverages;

(b) If there was more than 0.05 percent (5/100%), but less than 0.10 percent by weight of alcohol in such blood, such fact *shall not constitute a presumption* that the defendant either was or was not under the influence of intoxicating beverages....

(Emphasis added.) Even the statutory presumption of KRS 189.520(3)(c), that a con-

centration of 0.10 percent or greater by weight of alcohol in the blood renders a person under the influence, is rebuttable. *See*, e.g., *Marcum v. Commonwealth*, Ky., 483 S.W.2d 122 (1972); *Commonwealth v. Kroger*, 276 Ky. 20, 122 S.W.2d 1006 (1938). But it is subsection (a), *supra*, which most vividly demonstrates that even recent consumption of alcohol is not sufficient to establish conclusively that the consumer is "under the influence."

Bridges also maintains that Instruction No. III was erroneous in stating what the Commonwealth need *not* prove—i.e., impaired driving ability or that the defendant was drunk. The Commonwealth argues that the instruction was appropriate in this respect in order to present the legal issues involved.

The parties agree that the essential elements of the offense are committed by the operation of a motor vehicle while under the influence of alcohol, and that neither erratic driving nor impaired driving ability are elements of the offense. *Hayden v. Commonwealth*, Ky.App., 766 S.W.2d 956 (1989). It is beneficial to examine each of these "non-elements" separately.

The statute means to prevent the evil effects of substandard driving resulting from the operation of motor vehicles by persons under the influence of alcohol. We take as legislative facts that: 1) alcohol (or other substances) *may* impair driving ability; and 2) a driver actually *under the influence* of such substances is impaired as a driver, conclusively, and presents a danger to the public. Proof that a driver was "under the influence" *is* proof of impaired driving ability. It is redundant to instruct on impairment as a separate element, and confusing to instruct that the Commonwealth must prove influence but not impaired ability.

Clearly the legislature did not intend that actual driving errors attributable to the influence of alcohol should be an element of the offense. Rather, as the Court of Appeals acknowledged in *Hayden*, that such errors occurred may be evidence, but is not indispensable evidence, that the driver was in fact under the influence.

■ Like the Court of Appeals in *Hayden*, we believe that the statutory language as to the elements of the offense is unambiguous and clear on its face. An instruction framed in terms of the statute is sufficient to apprise the jury of what the Commonwealth must prove, and it is unnecessary to elaborate on what the Commonwealth need not prove. *See* J. Palmore and R. Lawson, *Instructions to Juries in Kentucky*, Section 9.16 (1990). Upon retrial of this case, Instruction No. III should be omitted entirely.

The conviction is reversed, the sentence vacated, and this matter remanded to Christian District Court for further proceedings consistent with this opinion.

STEPHENS, C.J., and LEIBSON and SPAIN, JJ., concur.

LAMBERT, J., concurs in result by separate opinion, in which REYNOLDS, J., joins.

WINTERSHEIMER, J., dissents by separate opinion.

LAMBERT, Justice, concurring.

I concur in the result, but write separately to clearly express my view as to the error which occurred in this case.

The majority is correct that Instruction No. III was redundant and confusing. However, I disagree with the linkage which has been created between "driving under the influence of alcohol" and impairment of driving ability.

Properly interpreted, KRS 189A.010(1) may be violated in either of two ways. First, a violation occurs when a person operates a motor vehicle "while under the influence of alcohol." Second, a violation occurs when a person operates a motor vehicle while under the influence of "any other substance which may impair one's driving ability." When the alleged violation is based solely on the consumption of alcohol, the statute does not require proof of impairment of driving ability; only that the driver was under its influence. When the violation is based on the use of another substance, there must be proof that such substance is capable of impairing driving ability.

In the typical case in which the evidence indicates driving while under the influence of alcohol, the primary instruction should require the jury to determine whether the defendant was operating a motor vehicle in this State and whether he was under the influence of alcohol. Such an instruction is consistent with the statutory presumptions and properly frames the issue for jury determination. Unless there is evidence to support it, the instruction should omit reference to other substances which may impair driving ability.

REYNOLDS, J., joins in this concurring opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority and concurring opinions which reverse the DUI conviction because that part of the final sentence of the instructions is buried in a rather lengthy instruction. If the sentence called attention to specific facts, that attention was thoroughly diluted simply because of the length of the rest of the instruction. In any event, the error was without substantial prejudice to the defendant.

The district judge did not commit substantial or reversible error in instructing the jury on an element that the prosecution did not have to prove in order to obtain a conviction for violation of K.R.S. 189A.010(DUI). The district judge did not thereby instruct the jury on the weight of the evidence or on an element not a part of the offense.

The circuit court, acting as a reviewing court, affirmed the conviction and the Court of Appeals denied discretionary review.

The purpose of instructions is to fairly present the jury with the legal issues involved. *Cobb v. Haskins*, Ky.App., 554 S.W.2d 886 (1977). Certainly instructions are not to instruct on the weight of the evidence and they should not single out specific facts or give them undue importance. I must agree with the circuit judge

who reviewed this case that the one sentence here is not so offensive as to constitute reversible error.

There are only two essential elements to prove in DUI cases other than the time, date and location of the incident and they are 1) operation of a motor vehicle, and 2) while under the influence. *Cf. Hayden v. Commonwealth*, Ky.App., 766 S.W.2d 956 (1989). Here, the extra language is mere surplus and does not amount to reversible error. The error, if any, is nonprejudicial. *See Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969).