Jerry Wayne BOTKIN and Winston Brent Storey, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–SC–657–DG.

Supreme Court of Kentucky.

Dec. 22, 1994.

Charles W. Rolph, Flemingsburg, for appellants.

Chris Gorman, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

Both Botkin and Storey were convicted in Fleming District Court of violating KRS 189A.010(1)(a) by operating a motor vehicle when their blood alcohol content was "0.10 or more." This is the new *per se* subsection added to the driving under the influence statute, KRS 189A.010(1), effective July 1, 1991. Previously, KRS 189A.010(1) required proof the defendant was driving "under the influence of alcohol or any other substance which may impair one's driving ability." [1]

Upon a further finding of two prior alcohol related motor vehicle convictions which were violations of KRS 189A.010 as previously

---

**1.** For discussion of the proof necessary to establish driving "under the influence," see *Hayden v. Commonwealth,* Ky.App., 766 S.W.2d 956 (1989) and *Bridges v. Commonwealth,* Ky., 845 S.W.2d 541 (1993).

worded, both Botkin and Storey received enhanced sentences as provided for by KRS 189A.010(4)(c). Upon appeal to circuit court, their judgments were affirmed. The Kentucky Court of Appeals denied discretionary review.

Botkin and Storey then moved our Court to grant discretionary review to consider their argument that using previous convictions for driving under the influence to enhance the penalty upon conviction under the new *per se* subsection violates constitutional prohibitions against *ex post facto* laws found in both the Federal Constitution, Article I, Sections 9 and 10, and the Kentucky Constitution, Section 19. They argue that because subsection (a) in KRS 189A.010(1) is a new offense, it "may only be applied prospectively" and that to enhance punishment based on other offenses previously committed is to punish retroactively. The Commonwealth does not question limiting *conviction* for a *per se* violation to offenses occurring after the effective date of the statute, but challenges whether constitutional *ex post facto* clauses are implicated when a new statute only involves relating the *severity of punishment* for the new offense to status as a prior offender.

Botkin was charged with an offense occurring October 19, 1991, and Storey with an offense occurring August 11, 1991. Both dates are after the effective date of the new subsection. KRS 189A.010(1) now prohibits both the conduct involved in the prior offenses and in the new *per se* subsection. 189A.010(4)(c) provides that for a "third offense within a five (5) year period" involving conduct in violation of KRS 189A.010(1), the violator may be fined $500 to $1000, and imprisoned in jail for 30 days to 12 months.

Thus the issue presented is whether these appellants may be assessed a greater punishment than that provided for a first time offender because of previous offenses which are related in nature, but different in character. The seminal case on the subject is *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798), which includes within the ambit of the federal constitutional *ex post facto* clauses: "Every law that changes the punishment, and inflicts a greater punishment, than the

law annexed to the crime *when committed."* 3 U.S. at 391. Emphasis added. Botkin and Storey did not receive a greater punishment than "the law annexed to the crime when [they] committed" it. However, because of their *status* as prior offenders of the driving under the influence statute as previously constituted, the offense they presently committed carried a greater punishment than they would have otherwise received. KRS 189A.010(4)(e) provides:

> "For purposes of this subsection, prior offenses shall include all convictions in this state, and any other state, or jurisdiction for operating or being in control of a motor vehicle while under the influence of alcohol or other substances that impair one's driving ability, or any combination of alcohol and such substances, or while having an unlawful alcohol concentration, or driving while intoxicated. A court shall receive as proof of a prior conviction a copy of that conviction, certified by the court ordering the conviction."

Thus, these offenders were punished as the law provided *at the time* when their present offenses were committed. Because of their *status* as prior offenders, the crime they presently committed was subject to a greater penalty than it would have been otherwise.

■ *Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948) is controlling federal authority that the constitutional proscription against *ex post facto* laws does not extend to enhancing punishment for an offense committed *after* the effective date of a criminal statute by reason of status as a prior offender. This is so without regard to whether the prior offenses were for the same offense, the same type of offense, or for offenses of a different nature. There is no claim here that the *ex post facto* clause in the Kentucky Constitution calls for a different interpretation.

In *Gryger*, the United States Supreme Court upheld a recidivist statute prescribing enhanced punishment for an assault conviction, to "a life sentence as an habitual criminal," based on prior convictions for *unrelated* offenses. One of the prior offenses not only

predated the new offense, it even predated the habitual offender enhancement statute. The Court stated:

"Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive [*ex post facto* ] or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." 334 U.S. at 732, 68 S.Ct. at 1258. .

A prime example of a statute using prior offenses to enhance punishment when a new offense is committed is KRS 532.080, the persistent felony offender sentencing statute. It permits the use of unrelated prior felony convictions to increase punishment for new felony offenses entirely different in character. In KRS 189A.010 the General Assembly has elected to enhance punishment only when the offender had previously committed offenses of a related nature, but it was not required to do so. Under *Gryger*, the new *per se* statute could have provided for enhanced punishment based on prior convictions for other types of offenses (e.g., speeding, reckless driving, etc.), as well as alcohol related offenses, without committing an *ex post facto* violation. Perhaps, theoretically, at some point the General Assembly might be accused of drafting a statute specifying criteria so arbitrary and unreasonable as to violate Section 2 of the Kentucky Constitution, but no such constitutionally impermissible arbitrariness can be inferred here, or is even suggested as an issue in this case.

This case is not qualitatively different from *Commonwealth v. Ball*, Ky., 691 S.W.2d 207 (1985). In *Ball*, we rejected an argument that because the newly enacted (1984) version of the driving under the influence statute (the predecessor to the statute now under consideration) imposed greater penalties *if the offender had previous driving under the influence convictions, it was an ex post facto violation. We state:*

"The new statute merely recognizes that one previously convicted of driving under the influence has the status of a prior offender, and can be penalized for having that status." 691 S.W.2d at 209.

Ball received an enhanced punishment based on a previous commission of the same type of offense, rather than, as here, of an offense similar in nature but different in character. But the key to understanding why the statute was not retroactive, i.e., *ex post facto* legislation, was that the offender was punished for an offense committed after, not before, the effective date of the statute.

 The principle underlying the *ex post facto* prohibition is one of *fair warning:* was the offender on notice when the offense was committed that his conduct was prohibited, and on notice of the potential penalty, including an increased penalty based on previous offenses? If he was, there is no *ex post facto* violation. The statute presently under consideration provides *fair warning before* the offender commits the newly created *per se* violation that, if he commits the new offense, he will receive an enhanced punishment because of his status as a previous offender. In this posture, the *ex post facto* principle is not implicated.

A number of cases from sister states have addressed this principle in the context of amendments to driving under the influence statutes, including penalty enhancement based on previous offenses similar in nature. For example, in *State v. Levey*, 122 N.H. 375, 445 A.2d 1089 (1982), the New Hampshire Supreme Court upheld a conviction as a second offender for driving under the influence under a new statute making jail time mandatory upon a conviction for a second or subsequent offense. The court stated:

"Merely allowing a conviction obtained before the amendment to be used in the assessment of the penalty for a subsequent offense does not violate the constitutional prohibition against *ex post facto* laws.

. . . .

As of the effective date of the 1981 amendment . . . the defendant was on notice as to what would happen if she were again con-

victed while intoxicated." 445 A.2d at 1090–91.

*Commonwealth v. Grady,* 337 Pa.Super. 174, 486 A.2d 962 (1984), is to similar effect, stating that the previous offense had not been "increased by virtue of the amendment to the Vehicle Code." 486 A.2d at 964. Another Pennsylvania case, *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985) is even closer in point. It involved conviction for driving under the influence under a new *per se* statute making it "a crime to drive under the influence of alcohol if the amount of alcohol by weight in a person's blood is .10% or greater," *Id.* 488 A.2d at 300, which is the same as the new statute challenged in the present case. The Pennsylvania statute was challenged as unconstitutional on grounds it was a conclusive presumption unconstitutionally altering the rules of evidence, and was further challenged as "an unconstitutional *ex post facto* law" on grounds it enhanced punishment by reason of "the number of prior DUI convictions." *Id.* at 302. First the court rejected the challenge to the conclusive nature of the statute. This was one of the lesser issues raised in the present case. The court stated:

> "We find that the .10% rule does nothing more than specify a quantum of evidence which is legally sufficient to sustain proof of this element of the crime. So long as the connection between the test results and the 'presumed' fact of being under the influence meets the required standard of rationality under the due process clause, the statute passes constitutional muster." *Id.* at 301.

Then the court rejected the *ex post facto* challenge stating the law is not *ex post facto* simply "because it applies to convictions under laws in force prior to the effective date of the New Law." *Id.* at 302.

Here the offenders are not being punished for crimes committed prior to the effective date of the statute, but for a crime committed thereafter, albeit they received a greater punishment by reason of their status as prior offenders for other driving under the influence offenses, related in nature but different in character. The *ex post facto* clauses in our federal and state constitutions are *not* implicated.

The judgments of conviction are affirmed.

All concur.