Sinclair **JOHNSON**, Appellant

v.

**COMMONWEALTH of Kentucky,**
**Appellee**

**NO. 2016-CA-000903-MR**

Court of Appeals of Kentucky.

JUNE 16, 2017; 10:00 A.M.

208

BRIEF FOR APPELLANT: Kathleen K. Schmidt, Department of Public Advocacy, John Gerhart Landon, Assistant Public Advocate, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Frankfort, Kentucky, Megan Kleinline, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; D. LAMBERT AND NICKELL, JUDGES.

## OPINION

**LAMBERT, D., JUDGE:**

Sinclair Johnson, who stands convicted by virtue of a conditional guilty plea, brings this appeal of a denial of a suppression motion entered by the Madison Circuit Court. He asks us to review the propriety of the detention following the traffic stop leading to his arrest. Having reviewed the record and finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Officer Erik Stallworth staked out a Richmond bar, the "Paddy Wagon," watching for criminal activity. He observed a vehicle for several minutes, during which time an individual exited the passenger side and walked away while the driver remained. Stallworth followed the car as it left. After having observed the suspicious vehicle make two turns without signaling, Stallworth activated his light bar, in an attempt to pull it over. Only after Stallworth "chirped" his siren, did the vehicle eventually pull over. Johnson was its only occupant.

Stallworth noticed Johnson's bloodshot eyes, dilated pupils, and nervous demeanor, testifying in a suppression hearing that those facts led him to believe Johnson may be under the influence. Stallworth observed Johnson repeatedly stick his hands into his pockets. Johnson also failed to provide his registration and insurance information, and refused to open the vehicle's glove compartment to look for them.

Stallworth asked Johnson to step out of the vehicle for a sobriety test. Johnson initially refused to exit the vehicle, but upon Stallworth opening the door and asking again, he complied. Stallworth testified that Johnson was still reaching into his pockets, and, for officer safety, he briefly handcuffed Johnson to pat him down for

weapons. The search having yielded no weapons, Stallworth removed the handcuffs and proceeded with the field sobriety tests.

Stallworth directed Johnson to perform several of the most commonly-used testing methods, and concluded that each indicated Johnson to be intoxicated. During the horizontal line nystagmus test, Johnson exhibited a lack of smooth pursuit, and two of the six indicators of intoxication. Johnson swayed while performing the one-leg-stand test. Johnson also lost his balance during the walk-and-turn test, and stepped off the line. At that point, Stallworth informed Johnson that he would be placed under arrest for suspected DUI, and Stallworth called for a K-9 unit to assist in searching the vehicle.

The K-9 unit arrived as Stallworth was still in the process of arresting Johnson. Goku, the drug dog, indicated the presence of controlled substances in the rear of the vehicle, and a search of the rear bumper revealed methamphetamine and heroin. A search of Stallworth's person revealed $3,455 in cash.

A grand jury indicted Johnson on drug charges. He moved to suppress the products of the search, arguing that Stallworth had impermissibly extended the traffic stop without probable cause or a reasonable suspicion of criminal activity. The trial court conducted a hearing on the motion and denied it.

Johnson entered a conditional guilty plea, reserving his right to this appeal. He stands convicted of two counts of trafficking in controlled substances in the first degree, and one count of DUI. Johnson received two concurrent five year sentences on the felonies, and a fine, two days to serve, and a thirty-day license suspension for the DUI conviction.

Johnson offers two arguments on appeal, first that the actions of Stallworth in extending the traffic stop violated the Fourth Amendment of the United States Constitution, and Section 10 of the Kentucky Constitution, and second, that the results of the drug sweep by the dog are invalid for lack of a current certification.

## II. ANALYSIS

### A. STANDARD OF REVIEW

 Examining a trial court's ruling on a motion to suppress evidence involves a two-step review. First, the reviewing court must determine whether the trial court's factual findings were conclusive, which is the case if the findings are supported by substantial evidence. *Dixon v. Commonwealth*, 149 S.W.3d 426 (Ky. 2004). If the factual findings are conclusive, the application of the law to those findings is reviewed *de novo*. *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, (1996); *Commonwealth v. Jones*, 217 S.W.3d 190 (Ky. 2006); *Commonwealth v. Whitmore*, 92 S.W.3d 76 (Ky. 2002). The ruling of the trial court should not be disturbed unless clearly erroneous. *Commonwealth v. Neal*, 84 S.W.3d 920 (Ky. App. 2002).

### B. THE EXTENSION OF THE TRAFFIC STOP DID NOT VIOLATE JOHNSON'S FOURTH AMENDMENT RIGHTS

 Johnson argues before this Court that Stallworth's actions in extending the traffic stop lacked either probable cause or a reasonable articulable suspicion. For this reason, the detention was unlawful as a violation of his constitutional rights and the fruits of any searches should be excluded. We disagree.

"It has long been considered reasonable for an officer to conduct a traffic stop if he

or she has probable cause to believe that a traffic violation has occurred." *Commonwealth v. Bucalo*, 422 S.W.3d 253, 258 (Ky. 2013). The record indicates that Stallworth observed Johnson commit two traffic violations, which justified the initial stop. Johnson's challenge focuses on the lack of adequate cause for extending the stop.

■ Johnson argues that law enforcement must not detain a vehicle or its occupants beyond the intrusion reasonably necessary to affect the purpose of the stop. *Davis v. Commonwealth*, 484 S.W.3d 288, 292 (Ky. 2016) (quoting *Turley v. Commonwealth*, 399 S.W.3d 412 (Ky. 2013) (quoting *U.S. v. Davis*, 430 F.3d 345 (6th Cir. 2005))). However, that position ignores a crucial second part of the rule of *Davis v. Commonwealth*: that even though an officer cannot detain a vehicle or its occupants beyond the accomplishment of the goal of the initial stop, the detention may be lawfully extended when "something happened during the stop to cause the officer to have a reasonable and articulable suspicion that criminal activity [is] afoot." *Id.* (quoting *Turley* at 421, (quoting *U.S. v. Davis* at 353)).

■ Thus, our analysis hinges on whether the trial court's findings reflect a correct conclusion that Stallworth had adequate cause to suspect criminal activity beyond the traffic violations. "Probable cause exists when the totality of the evidence then known to the arresting officer creates a 'fair probability' that the arrested person committed the [offense]." *White v. Commonwealth*, 132 S.W.3d 877, 883 (Ky. App. 2003) (quoting *Eldred v. Commonwealth*, 906 S.W.2d 694 (Ky. 1994)).

Stallworth's observations amount to sufficient evidence to support a "fair probability" that Johnson committed the offense of driving under the influence of intoxicating substances. Stallworth had observed Johnson leaving a bar. Upon pulling Johnson over for a pair of traffic violations, he observed Johnson's bloodshot eyes, dilated pupils, and nervous demeanor. Johnson initially resisted pulling over, and even after being stopped, he continued to refuse reasonable requests.

The further detention for the purpose of assessing whether Stallworth's suspicion of Johnson's intoxication was justified when Johnson performed unsatisfactorily on the field sobriety tests. Moreover, those failed tests gave Stallworth probable cause to arrest Johnson for the offense of DUI. *Leatherman v. Commonwealth*, 357 S.W.3d 518 (Ky. App. 2011).

The trial court's findings track Stallworth's testimony, and for that reason we cannot conclude the trial court lacked substantial evidence to make such findings. Nor can we conclude that the trial court committed clear error in denying the suppression motion on this basis of the lawful detention.

## C. THE PROBABLE CAUSE SUPPORTING THE ARREST OBVIATES JOHNSON'S ARGUMENT REGARDING THE K-9 UNIT'S CERTIFICATION

■ Johnson urges this Court to hold that the lack of a current certification for Goku, invalidates the results of Goku's search of the vehicle. This argument fails for a number of reasons. First, as was pointed out in testimony at the hearing, Kentucky does not require drug dogs to be certified. Second, the Commonwealth presented evidence that Goku had been fully trained, and had successfully assisted in numerous prior searches. Additionally, Goku had been certified prior to the search, and was subsequently re-certified, indicating his competence. Third, the issue of requiring certification for drug dogs is

one for the legislature to address, not the judiciary.

Finally, and most importantly, the trial court indicated in its amended findings that Stallworth was already in the process of arresting Johnson by the time the K-9 unit had arrived. Johnson's contention that the extension of the traffic stop was a pretext for the purpose of delay until Goku arrived on scene fails, because the search was conducted incident to his arrest.

Even should this Court be persuaded by the argument that Goku's search of the vehicle was unlawful for his lack of certification, the results of the search would still be admissible under the doctrine of inevitable discovery. *See Hughes v. Commonwealth*, 87 S.W.3d 850 (Ky. 2002); *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d. 377 (1984). The search of the vehicle directly flowed from his DUI arrest and required no warrant. *McCloud v. Commonwealth*, 286 S.W.3d 780, 788 (Ky. 2009). The drugs would inevitably have been discovered, and were admissible under the *Nix* caseline, as the police were not "in a better position than they would have been absent the error, but only . . . in the same position as if there had been no unlawful search." *Commonwealth v. Elliott*, 714 S.W.2d 494, 496 (Ky. App. 1986) (citing *Nix* at 443, 104 S.Ct. 2501).

For any—and all—of these reasons, the trial court acted appropriately in denying Johnson's motion to suppress as it relates to the issue of Goku's certification.

## III. CONCLUSION

For the foregoing reasons, this Court must conclude that the trial court's findings of fact were supported by substantial evidence, and thus conclusive. We must also conclude that the trial court did not commit clear error in its application of the law to its findings of fact. Accordingly, we affirm the ruling of the Madison Circuit Court.

ALL CONCUR.