RENDERED:  JULY 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1085-MR

ADAM GRAY          APPELLANT


APPEAL FROM HOPKINS CIRCUIT COURT
v.     HONORABLE CHRISTOPHER BRYAN OGLESBY, JUDGE
ACTION NO. 21-CR-00262


COMMONWEALTH OF KENTUCKY          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

EASTON, JUDGE:  The Appellant ("Gray") entered a conditional guilty plea to

first-degree possession of a controlled substance (methamphetamine) and related

misdemeanor charges.  He appeals the denial of his Motion to Suppress the

evidence found on him during a traffic stop.  The circuit court correctly concluded

the officer conducting the traffic stop had a reasonable and articulable suspicion to

continue Gray's detention to investigate possible driving under the influence of

drugs when Gray gave his voluntary consent to the search of his person. For this and other reasons we will discuss, we affirm.

FACTUAL AND PROCEDURAL HISTORY

At 9:30 p.m. on the night of November 27, 2020, KSP[1] Trooper Porter ("Porter") observed Gray, and another occupant of the vehicle driven by Gray were not wearing seat belts. Porter pulled Gray over. Dispatch directed Porter to check for insurance. Gray looked for but was unable to produce proof of insurance.

During this interaction, Porter was standing at the driver's door and about two feet from Gray while Gray was sitting in the vehicle. Porter observed bloodshot eyes and erratic behavior and movements by Gray. When Porter went back to his cruiser, dispatch first advised there was an indication of insurance and then advised Gray had a prior DUI[2] conviction.

Porter had already decided to have Gray exit his vehicle and conduct a DUI investigation before he heard about the prior DUI. When Porter returned to Gray's vehicle, he directed Gray to exit the vehicle. When Gray exited the vehicle, Porter asked if he had anything in his pockets. Porter then asked Gray for permission to search his pockets. Gray said, "Go ahead." Porter found methamphetamine in Gray's pocket.

---

[1] Kentucky State Police.

[2] Driving Under the Influence.

-2-

Porter continued with a DUI investigation. Gray failed field sobriety tests. Ultimately, Porter arrested Gray for possessing the methamphetamine as well as DUI and failure to have proof of insurance.

The circuit court conducted a hearing on Gray's Motion to Suppress in November of 2021. The only evidence was the preceding summarized testimony of Porter and a dashcam video from Porter's cruiser. After the parties had the opportunity to brief the issues presented, the circuit court denied the suppression motion concluding the circumstances constituted reasonable and articulable suspicion to continue Gray's detention to investigate a DUI charge. The circuit court also concluded the consent given by Gray was voluntary.

Gray entered a guilty plea to the possession of methamphetamine with other misdemeanor charges. Gray was sentenced to serve two years in prison. This appeal followed.

## STANDARD OF REVIEW

> A trial court's denial of a motion to suppress is reviewed under a two-prong test. First, we review the trial court's findings of fact under the clearly erroneous standard. Under this standard, the trial court's findings of fact will be conclusive if they are supported by substantial evidence. Second, we review de novo the trial court's application of the law to the facts.

*Rhoton v. Commonwealth*, 610 S.W.3d 273, 275-76 (Ky. 2020) (footnotes omitted).

ANALYSIS

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness[.]'" *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403, 126 S. Ct. 1943, 1947, 164 L. Ed. 2d 650 (2006). Gray was seized subject to the reasonableness protection of the Fourth Amendment from the time he was pulled over. This appeal requires us to address detention permitted as a *Terry*[3] stop. Such detention may be sustained only while "a reasonable and articulable suspicion that criminal activity is afoot" exists.

The question presented by Gray is whether his continued detention prior to his eventual arrest for DUI and possession of methamphetamine was justified. Specifically, Gray argues Porter did not have a reasonable and articulable suspicion of any crime beyond a traffic ticket offense when Porter asked for consent to search Gray's pockets. Gray then contends his detention was impermissibly extended, and this taints any consent he may have given for the search of his pockets.

Gray does not dispute his initial detention. Porter observed a traffic violation (no seat belts) and was justified in stopping Gray. Failure to wear seatbelts violates KRS 189.125. An officer may detain someone if he observes a

---

[3] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

traffic violation, even if the officer has a different motivation for the stop, such as hoping to find evidence of other crimes. *Wilson v. Commonwealth*, 37 S.W.3d 745, 749 (Ky. 2001).

The detention time for the no seat belts violation was extended because Gray could not provide proof of liability insurance. Kentucky has mandatory financial responsibility laws governing such insurance. The law requires carrying proof of such coverage. KRS 304.39-117(2). Failure to do so is a violation subject to a $250 fine. KRS 534.040(2)(c).

This circumstance about insurance is significant. The evidence presented at the suppression hearing included the amount of time Gray had to try to find the insurance proof. In these several minutes, Porter was able to observe Gray closely. Porter did not detect alcohol, yet he saw Gray's bloodshot eyes and erratic behavior, including Gray's movements. Porter has training and experience in detecting the effects of drugs, including, but not limited to, alcohol.

Dispatch was able to find an indication of insurance coverage, but this did not excuse Gray's failure to have proof of that insurance. Just before Porter went back to the vehicle to have Gray exit the vehicle, dispatch also notified Porter of Gray's prior DUI conviction.[4] While Porter had already decided to further

---

[4] Gray had committed a prior DUI with possession of marijuana on May 21, 2018, Hopkins District Court, Case No. 18-T-01255.

detain Gray for a DUI investigation, the fact of the prior conviction was known to Porter when he acted.

A detention may only last for as long as required to address the initial reason for it unless something happens to provide a further suspicion of other criminal activity. *Commonwealth v. Connor*, 636 S.W.3d 464, 473 (Ky. 2021). When Porter stopped Gray for the lack of seat belts, Porter was justified in giving Gray time to find the required proof of insurance. *Id.* When Porter observed signs of a DUI, the detention could continue.

Whenever an officer interacts with a citizen during a traffic stop, the officer may direct the driver to exit a vehicle without any violation of the Constitution. *Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S. Ct. 330, 333, 54 L. Ed. 2d 331 (1977). Upon removal of Gray from the vehicle, Porter could have patted Gray down for any weapons for officer safety. The pat down could only seek weapons, but if "plain feel" during the pat down reveals to an officer the criminal nature of something he feels, it could be seized. *Commonwealth v. Banks*, 68 S.W.3d 347, 351 (Ky. 2001).

In this case, we do not see Porter performing a pat down. Rather, Porter asked for permission to search Gray's pockets. Without hesitation, Gray says: "Go ahead." Porter then finds the methamphetamine.

Before the discovery of the methamphetamine, Porter may have chosen to simply write a ticket for the seat belt and proof of insurance violations. In other words, there had been no completion of the processing of those violations with a citation. Thus, with the time it took to address the insurance proof, there does not appear to have been any improper extension of the detention, even if there was no reasonable and articulable suspicion of a DUI. Regardless, Porter decided to proceed with investigation of a DUI offense. We will evaluate separately the presence of the sufficient suspicion for that detention.

Gray failed the field sobriety tests. A later blood test would confirm the presence of drugs in Gray's system. The Commonwealth decided it could not proceed with the DUI charge in the plea negotiations, because the blood test had been obtained without a warrant as now required by *Commonwealth v. McCarthy*, 628 S.W.3d 18 (Ky. 2021). In any event, what was found after the decision to detain for a DUI investigation has no relevance to the analysis of the initial decision to extend the detention for that investigation.

Interactions like those in this case are to be "analyzed sequentially." *Connor*, *supra* at 472. We are required to assess the reasonableness of Porter's suspicion of DUI considering the "totality of the circumstances." *Bauder v. Commonwealth*, 299 S.W.3d 588, 591 (Ky. 2009). The suspicion must be more than a mere "hunch." *Connor*, *supra* at 477.

Contrary to Gray's insinuation, an officer is not required to observe impaired driving, such as swerving from side to side, to develop a suspicion of impairment. *See Hayden v. Commonwealth*, 766 S.W.2d 956 (Ky. App. 1989). Standing at the driver's door, Porter observed bloodshot eyes. Porter observed Gray's "erratic" behavior and movements for several minutes. Although it did not matter to Porter, he was also aware of Gray's recent prior DUI.

The word "articulable" is not the same as articulated. Even though Porter had already decided to continue the detention for a DUI investigation without regard for the information about the prior DUI, this does not mean the analysis must ignore that factor. It remains an articulable fact of record in the overall analysis of the suspicion.

When viewed in isolation, any given circumstance may not constitute sufficient suspicion. For example, nervous behavior alone will not support a suspicion of criminal activity. *Commonwealth v. Marr*, 250 S.W.3d 624, 627 (Ky. 2008). But the law directs a consideration of all circumstances. When we do this, we agree that the facts related by the circuit court, specifically bloodshot eyes, erratic behavior, and the prior DUI constituted a reasonable and articulable suspicion of DUI. *See*, *e.g.*, *Johnson v. Commonwealth*, 522 S.W.3d 207 (Ky. App. 2017).

Whether to complete the process of the traffic ticket for no seat belts and no proof of insurance or to continue detention for a DUI investigation, Porter was justified in detaining Gray when he asked for consent to search. The only remaining question then is whether Gray's consent to search his pockets was voluntary. The case relied upon by Gray at the trial court level noted an improper detention tainted the consent to search. *Strange v. Commonwealth*, 269 S.W.3d 847, 852 (Ky. 2008). There is no such taint here to be evaluated for the consent. *See*, *e.g.*, *Baltimore v. Commonwealth*, 119 S.W.3d 532 (Ky. App. 2003).

The trial court then only needed to look at the circumstances of the consent to determine if it was coerced. Gray relies upon *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041, 136 L. Ed. 2d 854 (1973). This case explained a citizen does not have to be advised of the right to refuse consent when evaluating whether it is voluntary. The facts in *Schneckloth* are like those in the present case. When asked if his car could be searched, the suspect in *Schneckloth* simply responded: "Sure, go ahead." 412 U.S. at 220, 93 S. Ct. at 2044. The U.S. Supreme Court found voluntary consent in the circumstances of that case. *Id.* at 249, 93 S. Ct. at 2059.

In this case, while Porter held Gray's hands when he asked for consent, Gray was not handcuffed. The way the consent was sought and the

casualness of the answer without hesitation indicated a voluntary consent. We agree with the trial court on the voluntariness of the consent.

We also note the search of Gray's pockets was inevitable as a search incident to the valid arrest for a DUI. As in *Baltimore*, *supra*, this provides another reason to affirm the result of the circuit court's decision in this case. We are not required to affirm only on the grounds argued by the parties when the record reveals other reasons to affirm. *Wells v. Commonwealth*, 512 S.W.3d 720, 721-22 (Ky. 2017).

## CONCLUSION

Gray's detention when he gave consent to the search of his pockets was supported by either an ongoing processing of the traffic stop or a reasonable and articulable suspicion of a DUI offense. Gray's consent to the search of his pockets was voluntary. The search of Gray's pockets would have been inevitable upon his arrest for DUI. The Hopkins Circuit Court committed no error in denying Gray's Motion to Suppress and is AFFIRMED.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Thresa Taylor Hinton
Madisonville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky